# WANDA P. HENDERSON

## v.

# DANA L. GAY, ADMINISTRATOR OF THE ESTATE OF RUTH A. KING, DECEASED

Record No. 920932

April 16, 1993

Present: Carrico, C.J., Compton, Whiting, Lacy, Hassell, and Keenan, JJ., and Poff, Senior Justice

*Hazel E. Davenport (Traylor & Morris,* on brief), for appellant.
*Louis C. Shell (Pamela Shell Baskerville; White, Hamilton, Wyche & Shell,* on brief), for appellee.

JUSTICE KEENAN delivered the opinion of the Court.

The dispositive issue in this personal injury action is whether the trial court erred in setting aside a jury verdict in favor of the plaintiff and entering judgment for the defendant on the ground that the plaintiff was contributorially negligent as a matter of law.

On December 9, 1988, a vehicle operated by Wanda P. Henderson was struck by a vehicle driven by the appellee's decedent, Ruth A. King. The accident occurred at 2:11 p.m., in a residential area, at an intersection controlled by a four-way stop sign. The King vehicle was proceeding in a westerly direction while Henderson was traveling south.

The speed limit for both roads is 25 miles per hour. The road surface was wet at the time of the collision. The front of King's vehicle and the left front fender of Henderson's vehicle were damaged in the accident.

Officer Joseph F. Bucka, a police officer for the City of Petersburg who investigated the accident, testified that there were no obstructions at the intersection that would have impeded either driver's view. Bucka also testified that, at the scene of the accident, Henderson and King each contended the other had "run" the stop sign.

Henderson testified that she came to a complete stop at the stop sign, looked in both directions, and waited for a truck on her right to

proceed through the intersection. After determining that the truck appeared to be parked, Henderson again looked in both directions and, upon observing no other vehicles at or near the intersection, entered the intersection. When she reached the middle of the intersection, the left front fender of her vehicle was struck by King's vehicle. Henderson testified that she had not seen King's vehicle prior to being struck.

Latour Dabney observed the accident from his grandmother's yard located on the southeast corner of the intersection. On direct examination, he testified that Henderson brought her vehicle to a stop at the stop sign, looked both ways, and then proceeded into the intersection. Dabney testified that he then observed King's vehicle approaching the intersection at a speed between 40 to 50 miles per hour. The King vehicle did not stop at the stop sign, but braked suddenly and slid into the intersection. Dabney testified that King's speed did not diminish before the collision. He also testified that Henderson's vehicle was in the middle of the intersection when he first saw the King vehicle approaching.

On re-direct examination, Dabney testified that, when Henderson entered the intersection, King's vehicle was two and one-half car lengths away from the intersection. Dabney and Henderson were the only witnesses to the collision who testified at trial; King had died prior to trial from causes unrelated to the accident.

The jury returned a verdict in favor of Henderson and awarded damages of $51,000. After considering argument and memoranda of counsel, the trial court granted the defendant's motion to set aside the verdict. Relying on Dabney's testimony that King's vehicle was two and one-half car lengths away from the intersection when Henderson entered the intersection, the trial court ruled that Henderson's failure to observe King's vehicle constituted contributory negligence as a matter of law. The trial court entered judgment for the defendant and this appeal followed.

We apply a well-settled standard of review to cases where the trial court has set aside a jury verdict. As this Court explained in *Lane v. Scott*, 220 Va. 578, 260 S.E.2d 238 (1979), *cert. denied*, 446 U.S. 986 (1980), the trial court's authority to set aside a jury verdict

can only be exercised where the verdict is plainly wrong or without credible evidence to support it. If there is a conflict in the testimony on a material point, or if reasonable [persons] may differ in their conclusions of fact to be drawn from the

evidence, or if the conclusion is dependent on the weight to be given the testimony, the trial judge cannot substitute his conclusion for that of the jury merely because he would have voted for a different verdict if he had been on the jury.

*Id.* at 581, 260 S.E.2d at 240 (citation omitted). *Accord, Wooldridge v. Echelon Serv. Co.*, 243 Va. 458, 461, 416 S.E.2d 441, 443 (1992); *Rogers v. Marrow*, 243 Va. 162, 166, 413 S.E.2d 344, 346 (1992); *Oberbroeckling v. Lyle*, 234 Va. 373, 378, 362 S.E.2d 682, 685 (1987). Further, in considering the evidence, we give the recipient of the verdict the benefit of all substantial conflicts in the evidence and all reasonable inferences which may be drawn from the evidence. *Graves v. Nat'l Cellulose Corp.*, 226 Va. 164, 169-70, 306 S.E.2d 898, 901 (1983).

In the present case, the jury was instructed, without objection, that

[a]ll drivers approaching a four way stop sign have a duty to stop at a point nearest the intersecting road where they would have a view of approaching traffic. Such drivers also have a duty to keep a proper lookout which requires ordinary care to look in all directions for vehicles that would affect their driving, to see what a reasonable person would have seen, and to react as a reasonable person would have acted to avoid a collision under the circumstances.

Henderson testified that she stopped, looked in all directions twice, and saw no traffic that would affect her movement. She then proceeded into the intersection. Dabney's testimony that he observed Henderson look in both directions after stopping at the stop sign, that he did not see the King vehicle until Henderson was in the middle of the intersection, and that the King vehicle came into the intersection at a speed of from 40 to 50 miles per hour, also supports the jury's finding that Henderson kept a proper lookout pursuant to her duty set forth in the above instruction.

■ ''[W]hen conflicting inferences have been resolved by a jury and those necessarily underlying the conclusion reflected in the verdict are reasonably deducible from the evidence, a trial judge should not set the verdict aside.'' *Lane v. Scott*, 220 Va. at 582, 260 S.E.2d at 240. Here, the jury, as finder of fact, was free to choose among all reasonable inferences. Thus, it reasonably could have concluded

that because of King's greatly excessive speed, Henderson, in the exercise of a proper lookout, could not have seen King's vehicle in time to have avoided the accident.

Likewise, the jury was entitled to disregard the conflicting inference, from Dabney's testimony concerning the location of King's vehicle when Henderson entered the intersection, that Henderson could have seen King before proceeding forward. Since reasonable persons could differ as to whether Henderson was contributorially negligent, that issue was a question of fact and the trial court erred in setting aside the verdict for Henderson. *See Riley v. Harris*, 211 Va. 359, 362, 177 S.E.2d 630, 633 (1970).

For these reasons, we will reverse the judgment of the trial court, reinstate the jury verdict, and enter final judgment for Henderson. Because of our decision to reinstate the jury verdict and to enter final judgment for Henderson, we are unable to reach the remaining issues regarding damages and proceedings in the event of a retrial.

In a letter opinion setting aside the verdict, the trial court addressed the defendant's contention that the amount of the verdict was excessive. The court stated that were it not for the decision to set aside the verdict because of the plaintiff's contributory negligence, it would order a retrial on the issue of damages "since it obviously appears that the jury acted improperly." This ruling was not incorporated in the order appealed from.

The defendant assigns the following cross-error: "To the extent that the statement by the trial judge that had he not set aside the verdict, he would have ordered a new trial as to damages is to be considered at the time of this appeal, the appellee assigns as cross-error the action of the court in indicating that a new trial would relate to damages only and not to liability as well." However, the trial court did not include in the judgment order, as an alternative ruling, that the amount of the verdict was excessive. Further, the defendant did not object in the trial court to the court's failure to so rule in the final order and there is no assignment of cross-error attacking the amount of the verdict as excessive. Thus, there is no ruling on the issue of damages for us to review after having decided that the plaintiff's verdict should be reinstated.

*Reversed and final judgment.*