PRESENT: ALL THE JUSTICES

LAURA E. COHN

v.  Record No. 022592

KNOWLEDGE CONNECTIONS, INC.

OPINION BY
JUSTICE G. STEVEN AGEE
SEPTEMBER 12, 2003

FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
Leslie M. Alden, Judge

This case arises out of the circumstances surrounding an offer of employment to Laura E. Cohn ("Cohn") from Knowledge Connections, Incorporated ("KCI").  At trial in the Circuit Court of Fairfax County, Cohn alleged actual and constructive fraud on the part of KCI, through Marion Bonhomme ("Bonhomme")[1], the president and owner of KCI.

A jury awarded Cohn $125,000 in compensatory damages but the trial court granted a motion to strike made by KCI which previously had been taken under advisement.  The trial court then granted KCI's motion to set aside the verdict as to liability and damages.  For the reasons set forth below, we will affirm the judgment of the trial court.

I.  BACKGROUND AND PROCEEDINGS BELOW

From 1996 to 1999 Cohn worked as a manager with Omega World Travel ("Omega") in northern Virginia.  In addition to her salary of $38,000, Cohn received health insurance, vacation

---

[1] During the pendency of the proceedings, Marion Bonhomme Knox changed her marital status.  In the record she is sometimes referred to as Ms. Bonhomme and sometimes as Mrs. Knox.

time, and retirement benefits. In June 1999 Bonhomme contacted Cohn and asked her to leave her job at Omega and become a manager with KCI. Specifically, Bonhomme asked Cohn to work at KCI's Pentagon office. Cohn expected to be assigned to the Pentagon office, although she knew that she could have been assigned to another KCI office. The parties agreed that Cohn's employment with KCI was an "at-will" arrangement.

Cohn was concerned about potential workplace conflicts with any employees at KCI who were qualified for the managerial position but were not promoted from within the company. She believed her new position at KCI would be more secure, particularly during the probationary period, if she were the most experienced employee at the KCI office to which she was assigned. Cohn stated at trial that Bonhomme told her no one on the existing KCI staff was qualified for the position offered to Cohn in the Pentagon office.

Subsequently, Cohn learned from Bonhomme that Wayne Temple ("Temple"), a KCI employee, had ten more years of experience than Cohn. Cohn alleged at trial that, upon further inquiry, Bonhomme assured her that Temple did not have the supervisory experience necessary to manage the Pentagon office. At trial, however, Bonhomme testified that she could not recall Cohn ever asking whether any current KCI employees were qualified for the

manager's position.  Nor did Bonhomme recall being asked why she was not hiring from within.

On or around June 29, 1999, Bonhomme faxed a letter offering employment to Cohn as an administrative travel office manager at a salary of $48,000.  The offer of employment did not indicate a specific KCI office where Cohn would work.  KCI did not offer a retirement plan but did offer full medical benefits coverage and paid vacation.  Cohn accepted Bonhomme's offer of employment and tendered her resignation to Omega.  Cohn also began, with Bonhomme's assistance, applying for the security clearance necessary for work at the Pentagon.

Cohn stated at trial that she was to begin work at KCI on August 2, 1999.  Bonhomme testified, however, that she told Cohn that if she wanted the Pentagon office position, she was required to start work on July 12, 1999, or, in the alternative, that she could accept the position in KCI's Crystal City office and begin work two weeks later.  On July 14, 1999, Bonhomme telephoned Cohn to notify her that Temple had been elevated to the managerial position at KCI's Pentagon office and that Cohn would be the administrative travel office manager at the company's Crystal City office with the same salary and benefits. Bonhomme reiterated this statement in a letter dated the same day.  It was during this conversation, Cohn testified at trial, that Bonhomme expressed to her that the Department of Defense

3

chief travel officer in the Pentagon, Stanley Jefferson ("Jefferson"), preferred working with men rather than women. Cohn asserted that because of this alleged gender bias, Bonhomme determined Temple should be in charge of KCI's Pentagon office. On July 16, 1999, Bonhomme notified Cohn that any employment offer from KCI was withdrawn because Cohn had not reported for work.

Cohn subsequently filed an action against KCI in the Circuit Court of Fairfax County alleging actual and constructive fraud. At the conclusion of Cohn's evidence, KCI made a motion to strike. The trial court took the motion under advisement and allowed the jury to deliberate. The jury returned a verdict for Cohn of $125,000 in compensatory damages. However, in considering KCI's renewed motion to strike, the trial court found, with respect to Cohn's allegations of actual fraud, that she failed to present sufficient evidence that Bonhomme had intended to conceal Jefferson's alleged bias against women. The court further found that Bonhomme had no duty to disclose whatever she knew or thought about Jefferson.

With respect to Cohn's allegations of constructive fraud, the trial court found that Bonhomme's purported misrepresentations of Temple's qualifications were statements of opinion. The trial court also stated that even if the statements were not statements of opinion, Cohn failed to

4

present clear and convincing evidence that the statements were false when made. The trial court granted KCI's motion to strike as well as KCI's motion to set aside the verdict.

We awarded Cohn this appeal.

## II. STANDARD OF REVIEW

Review of a trial court's order striking the evidence requires the appellate court to accept as true all the evidence favorable to the plaintiff and any reasonable inferences from that evidence. Lambert v. Downtown Garage, 262 Va. 707, 712, 553 S.E.2d 714, 716 (2001). Furthermore, when reviewing a trial court's order setting aside a jury verdict, the trial court's decision will be sustained unless plainly wrong or without evidence to support it. Henderson v. Gay, 245 Va. 478, 480, 429 S.E.2d 14, 16 (1993); Lane v. Scott, 220 Va. 578, 260 S.E.2d 238 (1979). However, if there is a conflict in the testimony, and if reasonable people may differ in their conclusions or if a conclusion is based on the weight to be given to the testimony, the conclusion of the trial judge cannot be substituted for that of the jury. Henderson, 245 Va. at 480-81, 429 S.E.2d at 16; Lane, 220 Va. at 581, 260 S.E.2d at 240. Finally, this Court must give the recipient of the verdict the benefit of all substantial conflicts from the evidence and all reasonable inferences which may be drawn from the evidence. Henderson, 245

5

Va. at 481, 429 S.E.2d at 16; Graves v. National Cellulose Corp., 226 Va. 164, 169-70, 306 S.E.2d 898, 901 (1983).

## III. ANALYSIS

Cohn brought separate causes of action, for actual and constructive fraud, based on two claimed misrepresentations. First, she alleged that her prospective employer, KCI, failed to inform her of Jefferson's alleged gender bias. Second, she claimed that KCI misrepresented Temple's qualifications.

In her amended motion for judgment, Cohn alleged that each of these misrepresentations was the basis for both fraud counts. However, during a hearing on post-trial motions, Cohn agreed with the trial court's conclusion that the jury's finding of actual fraud related to the alleged concealment of Jefferson's gender bias and the finding of constructive fraud related to the alleged misrepresentation of Temple's qualifications. In her brief submitted to this Court, Cohn argues that the concealment of Jefferson's alleged bias could be the basis for the claim of constructive fraud. We do not consider Cohn's argument on this point because "[n]o litigant . . . will be permitted to approbate and reprobate — to invite error, as the [litigant] . . . did here, and then to take advantage of the situation created by his own wrong." Fisher v. Commonwealth, 236 Va. 403,

6

417, 374 S.E.2d 46, 54 (1988); Sullivan v. Commonwealth, 157 Va.

867, 878, 161 S.E. 297, 300 (1931).[2]

A.   Actual Fraud

A cause of action for actual fraud requires the plaintiff

to prove:  (1) a false representation, (2) of a material fact,

(3) made intentionally and knowingly, (4) with intent to

mislead, (5) reliance by the party misled, and (6) resulting

damage to the party misled.  Evaluation Research Corp. v.

Alequin, 247 Va. 143, 148, 439 S.E.2d 387, 390 (1994); Bryant v.

Peckinpaugh, 241 Va. 172, 175, 400 S.E.2d 201, 203 (1991).  The

trial court ruled that Cohn failed to prove her claim of actual

fraud because she failed to establish there was an intent to

conceal and that Bonhomme's statement about Jefferson was

opinion and not fact.

Cohn claims that KCI failed to disclose Jefferson's alleged

preference not to work with women.  Proof of fraud by

nondisclosure "requires evidence of a knowing and deliberate

---

[2] In any event, Cohn's argument misinterprets our decisions. This Court in Nationwide Mutual Ins. Co. v. Hargraves, 242 Va. 88, 405 S.E.2d 848 (1991), held that concealment can give rise to constructive fraud only in cases where there is a duty to disclose the concealed fact.  Id. at 92-93, 405 S.E.2d at 851. In that case, a duty to inform arose by virtue of the contractual obligation imposed by the insurance contract between the parties, a circumstance not present in this case.  Further, in Norris v. Mitchell, 255 Va. 235, 495 S.E.2d 809 (1998), we restated that concealment, in general, can only give rise to a claim of actual fraud.

decision not to disclose a material fact." <u>Lambert</u>, 262 Va. at 714, 553 S.E.2d at 718 (quoting <u>Norris v. Mitchell</u>, 255 Va. 235, 241, 495 S.E.2d 809, 812 (1998)(internal quotation marks omitted)).  "A contracting party's willful nondisclosure of a material fact that he knows is unknown to the other party may evince an intent to practice actual fraud."  <u>Spence v. Griffin</u>, 236 Va. 21, 28, 372 S.E.2d 595, 599 (1988).

It is apparent from the record, as the trial court determined, that there was no proof of an intent to conceal. Assuming Cohn's claim concerning Jefferson's bias is correct, Cohn nonetheless produced no evidence that Bonhomme was aware of this bias, much less that she intentionally concealed it, at the time the employment offer was made.  In that circumstance, a claim for actual fraud based upon concealment cannot lie.  <u>See</u> <u>Virginia Natural Gas Co. v. Hamilton</u>, 249 Va. 449, 455, 457 S.E.2d 17, 21 (1995) (a claim failed where there was no evidence that any employee of the party charged with actual fraud "intentionally and <u>knowingly</u>" made a false statement or concealed a material fact) (emphasis added).

Furthermore, although "[i]t is not always an easy matter to determine whether a given statement is one of fact or opinion," <u>Mortarino v. Consultant Engineering Services, Inc.</u>, 251 Va. 289, 293, 467 S.E.2d 778, 781 (1996), the evidence fails to show that Bonhomme's statement was about a matter of "material fact" as

8

opposed to an opinion. "It is well settled that a misrepresentation, the falsity of which will afford ground for an action for damages, must be of an existing fact, and not the mere expression of an opinion." Id.

Cohn's own testimony during direct examination proves that Bonhomme expressed an opinion. Cohn stated: "[Bonhomme] had advised me that in her opinion" Jefferson did not get along with the prior female office manager. (Emphasis added). In her cross-examination Cohn stated that Bonhomme's statements regarding Jefferson were "only [Bonhomme's] interpretation of the situation." (Emphasis added). The trial court correctly found that Bonhomme's statements were opinions and, therefore, could not provide the basis for sustaining a claim of actual fraud.

## B. Constructive Fraud

"Constructive fraud differs from actual fraud in that the misrepresentation of material fact is not made with the intent to mislead, but is made innocently or negligently although resulting in damage to the one relying on it." Evaluation Research, 247 Va. at 148, 439 S.E.2d at 390; Nationwide Mut. Ins. Co. v. Hargraves, 242 Va. 88, 92, 405 S.E.2d 848, 851 (1991) (emphasis added). A person asserting a claim of constructive fraud must prove that the misrepresentation forming the basis of the claim caused damage to the one relying on it.

9

Evaluation Research, 247 Va. at 148, 439 S.E.2d at 390. To prevail in the case at bar, Cohn was required to prove that Bonhomme's misrepresentation of Temple's qualifications was the cause of her failure to become the Pentagon office manager for KCI.

"The proximate cause of an event is that act or omission which, in natural and continuous sequence, unbroken by an efficient intervening cause, produces the event, and without which that event would not have occurred." Beale v. Jones, 210 Va. 519, 522, 171 S.E.2d 851, 853 (1970). Before the issue of proximate cause may be properly submitted to the jury, however, the evidence proving a causal connection must be "sufficient to take the question out of the realm of mere conjecture, or speculation, and into the realm of legitimate inference." Id. (quoting Hawkins v. Beecham, 168 Va. 553, 561, 191 S.E. 640, 643 (1937)).

Assuming Cohn's evidence to be true, her constructive fraud claim fails because the misrepresentation of Temple's qualifications is not the reason she failed to become the Pentagon office manager for KCI (the injury Cohn claims she incurred). Under Cohn's theory of the case, the concealment of Jefferson's attitude was the cause of the withdrawal of the job offer and Cohn's failure to get the KCI Pentagon office manager position. Cohn's evidence was that Bonhomme changed the

10

position offered to Cohn as a result of Jefferson's bias, not because she desired to promote Temple. Therefore, any misrepresentation about Temple, even if made, could not have been the cause of Cohn's failure to receive the KCI Pentagon office position, which is the basis of her claimed injury. Therefore, her claim for constructive fraud must fail.

## III. CONCLUSION

The trial court correctly granted KCI's motion to strike the evidence and motion to set aside the verdict. As to the claim of actual fraud, Cohn failed to prove both Bonhomme's intent to conceal and that the statement at issue was about a matter of "material fact" and not opinion. As to the claim of constructive fraud, Cohn could not show a causal connection between the alleged misrepresentation and the injury for which she claimed damages.

We will, therefore, affirm the judgment of the trial court.

Affirmed.