PRESENT:  Hassell, C.J., Keenan, Koontz, Kinser, Lemons, and
          Agee, JJ., and Compton, S.J.

CLARENCE W. JENKINS

v.  Record No. 041892   OPINION BY JUSTICE BARBARA MILANO KEENAN
                                          April 22, 2005
DAYMION WAYNE PYLES, ET AL.


             FROM THE CIRCUIT COURT OF ROCKINGHAM COUNTY
                         James V. Lane, Judge

      In this personal injury action arising out of a motor

vehicle accident, we consider whether the circuit court erred in

setting aside a jury verdict in favor of the plaintiff on the

ground that the plaintiff was guilty of contributory negligence

as a matter of law.

      The accident at issue occurred in June 2000, when Clarence

W. Jenkins, Jr. was driving a pickup truck on State Route 259, a

two-lane road, in Rockingham County.  Daymion W. Pyles was

driving a truck owned by his employer, Valley Implement Sales,

Inc. (Valley), on the same road in the opposite direction.

Pyles' truck was towing a six-row corn planter, which was 14

feet wide and extended a few feet into Jenkins' lane of travel.

The corn planter collided with Jenkins' vehicle as the two

trucks met and passed each other.

      Jenkins filed a motion for judgment against Pyles and

Valley (collectively, the defendants), alleging that he was

injured because of Pyles' negligence in failing to keep his

vehicle and the towed farm machinery under proper control in his designated lane of travel. The defendants filed grounds of defense denying that they were negligent and asserting that Jenkins' negligence caused the collision.

In a jury trial, Jenkins presented evidence that at the time of the accident, he was driving his pickup truck up a hill behind a large telephone service truck (the telephone truck) and was unable to see Pyles' truck and the corn planter in time to avoid the collision. Dean S. Webster, the Virginia State Trooper who investigated the accident, testified that at the point of impact, Route 259 has a "slight, gradual incline." He stated that each lane of the road is 12 feet wide, and that the corn planter was 14 feet wide and extended over the double solid line into Jenkins' lane of travel. Webster also stated that the telephone truck traveling in front of Jenkins' vehicle was greater in height than Jenkins' pickup truck.

Sheldon Cline testified that at the time of the collision, he was operating a tractor-trailer truck directly behind Jenkins' truck. Cline stated, without objection, that he did not think Jenkins could see the corn planter because the telephone truck in front of Jenkins was greater in height and width than Jenkins' pickup truck. Cline also testified that his truck and Jenkins' truck were both moving up the hill at the time of the collision.

2

Jenkins testified that at the time of the accident, his truck was traveling up a hill between two and three truck lengths behind the telephone truck. He stated that the telephone truck suddenly "shot off the side of the road," and that three or four seconds later he collided with the corn planter. He stated that he was unable to see Pyles' truck or the corn planter because of the crest of the hill.

When Jenkins was asked by defense counsel whether he took any evasive action prior to the collision, Jenkins replied, "You can't avoid something you can't see, sir." Jenkins also testified that even if he had seen Pyles' truck and the corn planter, he would not have been able to avoid the collision because there was an embankment on his side of the roadway at that location.

Pyles testified that his truck had a "wide load" sign on its front bumper, and that the vehicle's four-way "flashers" were activated. He also stated that the corn planter had two orange warning flags mounted on each side. Pyles related that as he drove down the hill, he could see both the telephone truck and Jenkins' truck coming toward him. Pyles testified that after the telephone truck "slightly pulled off to the side of the road," Jenkins "drifted out, and it was too late" to avoid a collision with him.

Wayne E. Crider, the driver of the telephone truck, testified that he first saw the corn planter about 200 yards in front of him after his telephone truck crested the hill. He stated that he had "plenty of time" to slow down, move his truck to the side of the road, and bring the truck to a complete stop. Crider stated that he was "not sure," but estimated that the corn planter passed his telephone truck between three and five seconds after he had steered the truck off the road.

Crider could not see anything behind his telephone truck when he drove back onto the road, and he traveled about 50 yards farther before hearing a "crash." He also confirmed that his telephone truck was greater in height and width than Jenkins' truck, and that the corn planter extended at least two feet into Jenkins' lane of travel.

At the conclusion of the evidence, the jury returned a verdict in favor of Jenkins, awarding him damages of $65,137.40, the exact amount of his claimed medical and special damages. The defendants moved to set aside the jury verdict, arguing that the evidence established as a matter of law that Jenkins failed to maintain a proper lookout, and that reasonable persons could not disagree that his negligence was a contributing cause of the accident. Jenkins made a motion including a request for a new trial on the issue of damages only, contending that the jury verdict was inadequate as a matter of law.

The circuit court granted the defendants' motion and entered final judgment for the defendants. Jenkins appeals.

Jenkins argues that the circuit court erred in setting aside the jury verdict. He asserts that the issue of contributory negligence was a factual question for the jury to resolve based on the conflicting evidence. Jenkins emphasizes that he presented evidence that both the hill and the telephone truck impaired his ability to see Pyles' truck and the corn planter, and that the jury reasonably could have relied on this evidence in reaching its verdict.

Jenkins also argues that the circuit court erred in refusing to award a new trial on the issue of damages. He asserts that because the jury returned a verdict in the exact amount of his claimed medical and special damages, the verdict was inadequate as a matter of law under the holding in Bowers v. Sprouse, 254 Va. 428, 492 S.E.2d 637 (1997). Jenkins contends that if this Court awards him a new trial, it should be limited to the issue of damages because the jury plainly decided the issue of liability against the defendants.

In response, the defendants concede that contributory negligence is ordinarily a question for the jury to decide, but argue that the circuit court properly set aside the jury verdict because reasonable minds could not differ that Jenkins' inattention contributed to the accident. The defendants contend

5

that the evidence established as a matter of law that Jenkins failed to keep a proper lookout because Pyles' truck and the corn planter were in his plain line of sight.

Alternatively, the defendants argue that if this Court reverses the circuit court's judgment, a new trial should be ordered on all issues. The defendants contend that the issue of liability was not clearly decided by the jury verdict because in addition to the evidence of contributory negligence, the issue of primary negligence was contested and apparently affected the jury's determination of damages. We disagree with the defendants' arguments.

The circuit court's authority to set aside a jury verdict is explicit and narrowly defined. Carter v. Lambert, 246 Va. 309, 314, 435 S.E.2d 403, 405 (1993); Rogers v. Marrow, 243 Va. 162, 166, 413 S.E.2d 344, 346 (1992). Such authority may be exercised only if a jury verdict is plainly wrong or without credible evidence to support it. Cohn v. Knowledge Connections, Inc., 266 Va. 362, 366, 585 S.E.2d 578, 581 (2003); Shalimar Dev., Inc. v. FDIC, 257 Va. 565, 569-70, 515 S.E.2d 120, 123 (1999); Henderson v. Gay, 245 Va. 478, 480, 429 S.E.2d 14, 16 (1993); Lane v. Scott, 220 Va. 578, 581, 260 S.E.2d 238, 240 (1979); see Code § 8.01-430. Thus, if the evidence is conflicting on a material point, if reasonable persons may draw different conclusions from the evidence, or if a conclusion is

6

dependent on the weight the fact finder gives to the testimony, a judge is not permitted to substitute his or her conclusion for that of the jury merely because he or she would have reached a different result. Cohn, 266 Va. at 366, 585 S.E.2d at 581; Shalimar Dev., 257 Va. at 570, 515 S.E.2d at 123; Henderson, 245 Va. at 480-81, 429 S.E.2d at 16; Lane, 220 Va. at 581, 260 S.E.2d at 240.

Because the jury's function is to determine the credibility of the witnesses and the weight of the evidence, and to resolve all conflicts in the evidence, we will reinstate the verdict on appeal if credible evidence supports the verdict. Hoar v. Great E. Resort Mgmt., Inc., 256 Va. 374, 378, 506 S.E.2d 777, 780 (1998); Carter, 246 Va. at 314, 435 S.E.2d at 405-06; Rogers, 243 Va. at 166, 413 S.E.2d at 346. In making this determination, we will give the recipient of the jury verdict the benefit of all substantial conflicts in the evidence, as well as the reasonable inferences that may be drawn from the evidence. Cohn, 266 Va. at 366, 585 S.E.2d at 581; Shalimar Dev., 257 Va. at 570, 515 S.E.2d at 123; Henderson, 245 Va. at 481, 429 S.E.2d at 16.

We also consider the familiar principles of law defining contributory negligence. Contributory negligence is an affirmative defense that must be proved according to an objective standard whether the plaintiff failed to act as a

reasonable person would have acted for his own safety under the circumstances. Sawyer v. Comerci, 264 Va. 68, 74, 563 S.E.2d 748, 752 (2002); Ponirakis v. Choi, 262 Va. 119, 124, 546 S.E.2d 707, 710 (2001); Artrip v. E.E. Berry Equip. Co., 240 Va. 354, 358, 397 S.E.2d 821, 823-24 (1990). The essential concept of contributory negligence is carelessness. Sawyer, 264 Va. at 74, 563 S.E.2d at 752; Ponirakis, 262 Va. at 124, 546 S.E.2d at 711; Artrip, 240 Va. at 358, 397 S.E.2d at 823-24.

The issue whether a plaintiff is guilty of contributory negligence is ordinarily a question of fact to be decided by the fact finder. Sawyer, 264 Va. at 74, 563 S.E.2d at 752; Hot Shot Express, Inc. v. Brooks, 264 Va. 126, 135, 563 S.E.2d 764, 769 (2002); Ponirakis, 262 Va. at 125, 546 S.E.2d at 711. The issue becomes one of law for the circuit court to decide only when reasonable minds could not differ about what conclusion could be drawn from the evidence. Hot Shot Express, 264 Va. at 135, 563 S.E.2d at 769; Love v. Schmidt, 239 Va. 357, 360, 389 S.E.2d 707, 709 (1990).

In the present case, in holding that that Jenkins was guilty of contributory negligence as a matter of law, the circuit court stated:

> Jenkins could offer no explanation as to why he did
> not see Pyles in the opposite lane of travel or why in
> the several seconds from when the [telephone] truck
> pulled to the right shoulder he saw nothing and made

8

no effort to move his own vehicle to his right the one foot or less which would have avoided a collision.

Based on this analysis, the circuit court concluded that "reasonable [persons] could not differ . . . that Jenkins failed to see what he should have seen and failed to act as a reasonable person would have acted for his safety."

We hold that this was not a proper basis for setting aside the jury verdict. The evidence was in conflict concerning Jenkins' ability to see Pyles' truck and the corn planter in the oncoming lane. As stated above, Jenkins testified that he was unable to see the oncoming truck and corn planter because of the hill Jenkins' truck was ascending at the time of the accident. Sheldon Cline, who was traveling directly behind Jenkins' truck, corroborated the fact that Jenkins' truck was moving up the hill at the time of the collision. There also was evidence that the telephone truck traveling in front of Jenkins' truck was greater in height and width than Jenkins' truck, and that the size of the telephone truck impaired Jenkins' ability to see the corn planter.

The jury reasonably could have concluded from this evidence that although Jenkins maintained a proper lookout, he nevertheless was unable to see Pyles' truck and the corn planter in time to avoid a collision because the hill and the telephone truck in front of him restricted his ability to see the oncoming

9

traffic.  Likewise, the jury was entitled to disregard the conflicting testimony and inferences that could be drawn concerning the location of the various vehicles and Pyles' line of sight at the time of the accident.  Therefore, we hold that because reasonable persons could differ regarding whether Jenkins was guilty of contributory negligence, that issue was a question of fact for the jury and the circuit court erred in setting aside the verdict for Jenkins.

We are not permitted to reinstate the jury verdict, however, because the jury returned its verdict in the exact amount of Jenkins' claimed medical and special damages.  Such a verdict is inadequate as a matter of law.  Rice v. Charles, 260 Va. 157, 168, 532 S.E.2d 318, 324 (2000); Bowers, 254 Va. at 431, 492 S.E.2d at 639.  We also observe that although the evidence of liability was contested and there was sufficient evidence to support a verdict in favor of either party, the jury awarded a substantial verdict in favor of Jenkins.  Accordingly, we will reverse the circuit court's judgment and award Jenkins a new trial on the issue of damages only.  See Rawle v. McIlhenny, 163 Va. 735, 750, 177 S.E. 214, 221 (1934).

For these reasons, we will reverse the circuit court's judgment, reinstate the verdict in favor of Jenkins as it relates to the issue of liability, and remand the case for a new trial limited to the issue of Jenkins' damages.

Reversed and remanded.