178

## CIRCUIT COURT OF NELSON COUNTY

El Jalapeño
Mexican Food, L.L.C.

v.

Robert Ray Rodgers

June 22, 2005

Case No. CL03-0086-01

BY JUDGE J. MICHAEL GAMBLE

I am writing this letter to furnish the decision of the Court in this case. In this regard, Count One and Count Two of the Motion for Judgment are dismissed. I grant the relief requested by the plaintiff in Count Three and order that the defendant furnish to the plaintiff the items set forth on Plaintiff's Exhibit 13. The counterclaim of the defendant is dismissed. My reasons for these rulings are set forth below.

The parties entered into a lease of certain commercial premises known as "The Junction" located in Nelson County, Virginia. Under this lease, the plaintiff ("El Jalapeño") was required to pay rent in the amount of $1,000.00 per month on the first day of each month. The testimony in the case established that the rent was to begin on March 1, 2002. No rent was ever paid. The parties entered into a settlement outlined in a letter of June 25, 2002, between the attorneys. This letter, attached as Exhibit C to the Motion for Judgment, required El Jalapeño to pay to the defendant the sum of $4,000.00 for rent from March 1, 2002, through July 31, 2002. Also, it required El Jalapeño to pay $1,000.00 on the first day of each month thereafter. Contrary to the agreement, the $4,000.00 was paid in

escrow and not paid to Rodgers. Further, El Jalapeño failed to pay the $1,000.00 rent due on July 1, 2002, August 1, 2002, and September 1, 2002.

In September 2002, Rodgers locked the doors to the premises. El Jalapeño now seeks damages for this alleged ouster.

I find that the failure to pay any rent is a material breach on the part of El Jalapeño that goes to the very root of the contract. Because El Jalapeño committed the first breach of the contract, going to the root of the contract, El Jalapeño is not entitled to enforce the contract. *Countryside Orthopedics v. Peyton*, 261 Va. 142, 154, 541 S.E.2d 279 (2001); *Horton v. Horton*, 254 Va. 111, 115, 487 S.E.2d 200 (1997). A material breach is a failure to do something that is so fundamental to the contract that the failure to perform that obligation defeats an essential purpose of the contract. *Horton*, at 115.

El Jalapeño catalogs a series of problems to justify the refusal to pay rent. Included were problems with the fuel supply, electrical problems, a roof leak problem, a cooler problem, an air conditioning problem, equipment problems, and water problems.

Paragraph 6 of the contract requires El Jalapeño to maintain the equipment, heating, electrical systems, and plumbing. While the contract requires the landlord to deliver the premises in good condition, the evidence is unclear whether these items are maintenance items or items that Rodgers is responsible to repair. Regardless, the failure of El Jalapeño to pay rent is a material breach that abrogates any responsibility of Rodgers to maintain the premises. The payment of rents is fundamental to the contact.

Even after the parties entered into a compromise in June of 2002, El Jalapeño did not pay rent. The argument has been made that it placed the rent in escrow. This, however, this is not what was agreed. It was agreed that the rent would be paid to Rodgers. Additionally, El Jalapeño promptly failed to pay the three months rent due for the next three months.

In Count Two of the Motion for Judgment, the plaintiff seeks recover on the grounds of fraudulent misrepresentation. Fraud must be proven by clear and convincing evidence. *Jefferson Std. Life Ins. Co. v. Hedrick*, 181 Va. 824, 27 S.E.2d 198 (1983). The elements of actual fraud are (1) false representation; (2) of a material fact; (3) intentionally and knowingly made; (4) with the intent to mislead; (5) reliance by the party misled; and (6) resulting in damage to the party misled. *Cohn v. Knowledge Connections, Inc.*, 266 Va. 362, 585 S.E.2d 578 (2003). In this case, El Jalapeño asserts that Rodgers advised that The Junction had grossed

$80,000.00 to $90,000.00 per month while he operated it as a business. However, Eddie Fisher, the principal in El Jalapeño, said that he thought that just 60% of this amount would be sufficient. He further said that he talked to the accountant for Rodgers and the accountant advised that he would mail information. Nonetheless, even though he had not received information from the accountant and even though he had mentally reduced the amount by at least 40%, he entered into the contract. Further, in December 2001, he entered into an addendum to the contract. He took all of these actions knowing that the gross amount of revenue from the business enterprise was less than the amount represented and without obtaining information from the accountant.

I find that it has not been proven by clear and convincing evidence that he reasonably relied on any representation by Rodgers about the monthly gross receipts of the business. Accordingly, an essential element of fraud has not been proven by clear and convincing evidence.

Next, the evidence established that Rodgers locked the door of the premises and would not allow El Jalapeño to return and secure its property. Accordingly, I am ordering that the property listed on Plaintiff's Exhibit E be returned to El Jalapeño within thirty days of the entry of the order. The Court will leave this matter on the docket to enter judgment against Rodgers for the value of any items that are not returned.

Last, I dismiss the counterclaim of the defendant. Other than the claim for rent, I cannot find that any of the items of damages listed by Rodgers arose from the breach of contract by El Jalapeño. Further, I am not granting Rodgers a recovery on the unpaid rent because Rodgers materially breached the compromise agreement entered into in June 2002. Under that agreement Rodgers was to perform certain repairs and take certain acts. He did not do any of these. Thus, Rodgers has also simultaneously and materially breached the contract and cannot recover.