# CIRCUIT COURT OF THE CITY OF NORFOLK

Station # 2, L.L.C.

v.

Michael Lynch,
Lisa Lynch,
Marathon Development
Group, Inc.,
Frank T. Gadams,
and Hourigan
Construction Corp.

December 5, 2011

Case Nos. (Civil) CL06-6106, CL09-6458

By Judge Junius P. Fulton, III

This matter came before the Court on November 21, 2011, for hearing on Marathon and Gadams' Motion for Summary Judgment on Count I of Plaintiff's first consolidated complaint.

Determination of this motion cannot be fully addressed without consideration of the procedural history of this litigation. Sometime ago this court in earlier proceedings in this case (CL06-6106), sustained demurrers on the plaintiff's fraudulent inducement claim against Marathon and Gadams and its statutory conspiracy claim against Marathon and Gadams and the Lynches. The Supreme Court of Virginia affirmed in *Station # 2, L.L.C. v. Lynch*, 280 Va. 166, 695 S.E.2d 537 (2010).

Additionally, this court sustained Gadams and Marathon's plea in bar to the plaintiff's breach of contract claim. The Defendants claimed that the statute of frauds barred the plaintiff's breach of contract claim against them because the plaintiff needed an easement to complete the installation of sound attenuation materials. The Supreme Court reversed, however, because the defendants failed to prove that the statute of frauds even applied. The Court held that the record merely established that 237 Granby owned the upper stories and that this court failed to determine ownership of the area of installation. Consequently, based on the facts in the record before the

Supreme Court of Virginia, the plaintiff merely needed permission to enter, or a license, which may be granted orally without violating the statute of frauds. Accordingly the Supreme Court stated:

> Without establishing 237 Granby as the owner, Gadams and Marathon failed to show there was any real property in their possession and control that Station # 2 would need to use. Absent such a showing, Station # 2 required no more than their permission to enter the second story.

*Station # 2, L.L.C. v. Lynch,* 280 Va. 166, 176, 695 S.E.2d 537 (2010). The Supreme Court reversed this court's judgment sustaining the plea in bar and remanded for trial on the plaintiff's breach of contract claim.

On October 9, 2010, the plaintiff initiated a new action (CL09-6458) by filing a complaint. This case was consolidated with the first case (CL06-6106), and the plaintiff filed the instant amended and consolidated complaint on December 3, 2010, which asserts only one cause of action against Marathon and Gadams, Count I, alleging breach of contract. Marathon and Gadams filed their Motion for Summary Judgment on Count I.

According to the Rules of the Supreme Court of Virginia, a court shall enter summary judgment when it appears from the pleadings, the orders, or the admissions in the proceedings "that the moving party is entitled to judgment." Va. Sup. Ct. R. 3:20. Furthermore, "[s]ummary judgment shall not be entered if any material fact is genuinely in dispute." *Id.* A trial court considering a motion for summary judgment must "accept as true those inferences from the facts that are most favorable to the nonmoving party, unless the inferences are forced, strained, or contrary to reason." *Fultz v. Delhaize Am., Inc.,* 278 Va. 84, 88, 677 S.E.2d 272 (2009) (citing *Dickerson v. Fatehi,* 253 Va. 324, 327, 484 S.E.2d 880 (1997); *Carson v. LeBlanc,* 245 Va. 135, 139-40, 427 S.E.2d 189 (1993)). While summary judgment is available in certain circumstances, it is well settled that it "is a drastic remedy, available only when there are no material facts genuinely in dispute." *Id.* (citing *Stockbridge v. Gemini Air Cargo, Inc.,* 269 Va. 609, 618, 611 S.E.2d 600 (2005); *Smith v. Smith,* 254 Va. 99, 103, 487 S.E.2d 212 (1997); *Slone v. General Motors Corp.,* 249 Va. 520, 522, 457 S.E.2d 51 (1995)). "[I]f the evidence is conflicting on a material point or if reasonable persons may draw different conclusions from the evidence, summary judgment is not appropriate." *Id.* (citing *Jenkins v. Pyles,* 269 Va. 383, 611 S.E.2d 404 (2005)).

The current factual posture of the case is significantly clearer as the defendant now relies upon the pleadings, answers to interrogatories, and documentation produced by the plaintiff's in discovery. The development of these additional facts, especially the production of the plaintiff's lease and the Condominium Declaration forming 237 Granby Condominium

Association, establishes that no genuine dispute remains regarding the ownership of the area in which the plaintiff was to install sound attenuation materials.

In its determination of *Station # 2, L.L.C. v. Lynch*, the Supreme Court appears to rely primarily on the language of the lease with regard to the intended placement of the sound attenuation material. Produced pursuant to discovery and relied upon by the defendant, the lease between the Lynches and the plaintiff states, "additional soundproofing material . . . will be installed between the ceiling of the [first story] and the floor of the lower level of the condominiums located above the business." (Amended Complaint, Ex. A.) In their efforts to provide proof of ownership of the void space, Marathon and Gadams point to Article 3.4(a) of the Condominium Declaration, attached as an exhibit to the motion. This document describes the boundaries of the condominium units as follows: The uppermost boundary of Unit 1 "coincides with the elevation of the lower surface of the ceiling joist member of the first floor." (Motion for Summary Judgment, Ex. A.) The lowermost boundary of Unit 2 is the "upper surface of the unfinished floor of the second floor."

Furthermore, Article 3.4(e) provides that the units "shall not include any attic space or any load bearing walls serving the Building, [or] structural members." *Id.* As such, the "void space" is not included as part of either Unit 1 or Unit 2. Article 4.1 appears to include the "void space" in its definition of the General Common Elements of the condominium, and Article 4.3 states that each unit owner "shall have . . . an undivided fee simple interest, as a tenant in common with the other Unit Owners, in the Common Elements of the Condominium." *Id.* Article 4.3 continues by stating that Unit 1 has a one-third undivided interest in the common elements, while Unit 2 has a two-thirds undivided interest in the common elements. *Id.* Accordingly, ownership of the void space between the ceiling of the first story and the floor of the second story belongs to the Lynches and the condominium association collectively.

There does however, appear to be some ambiguity as to the placement of the sound attenuation material. The plaintiff's answer to Gadams' propounded interrogatory 15, which was propounded after the Supreme Court remanded the first case, suggests alternate placement of the sound attenuation material. There, the plaintiff stated that "Gadams said that the floor would be raised and that the sound attenuation materials could be placed there." (Motion for Summary Judgment, Ex. C.) This suggests installation entirely on the second story of the building between the raised floor and the unfinished floor of the second story. Placement of the sound attenuation material entirely within the bounds of Unit 2 necessarily implies that the placement of the sound attenuation material would be on property wholly owned by the condominium association.

Despite this ambiguity as to the placement of the sound attenuation material, it is uncontested that the space in which the materials were to be placed was owned either wholly by the condominium association or by the condominium association in conjunction with the Lynches. Furthermore, this fact appears to have been conceded by the plaintiffs in the November 21, 2011, hearing on the Motion for Summary Judgment. This factual dispute as to the placement of the sound attenuation material is not determinative on the issue of whether the grant of an easement is required. The evidence provided by Marathon and Gadams proves without contest that the condominium association did in fact have an ownership interest in the space in which the materials were to be installed, whether that space was between the ceiling and the floor or wholly on the second story.

An easement has been described as "a privilege without profit, which the owner of one tenement has a right to enjoy in respect of that tenement in or over the tenement of another person, by reason whereof the latter is obliged to suffer or refrain from doing something on his own tenement to the advantage of the former." *Bunn v. Offutt*, 216 Va. 681, 684, 222 S.E.2d 522 (1976) (quoting *Stevenson v. Wallace*, 68 Va. (27 Gratt.) 77 (1876)). The installation of sound attenuation material was sought by the plaintiff so as to allow the restaurant to feature live music and entertainment without violating noise ordinances and disturbing the condominium residents on the floors above. Its installation in the void space, either owned wholly or partially by the condominium association, would prevent the condominium association's use of that void space for any other purpose, as would installation wholly on the second story.

An easement is "a permanent interest in another's land, with a right at all times to enter and enjoy it." 3 Kent's *Commentaries*, 12th ed., at 453, A license, on the other hand, "is an authority to do a particular act, or series of acts, upon another's land, without possessing any estate therein." *Id.* The issue of permanence is raised by the plaintiff in rebuttal to Marathon and Gadams' claim that the installation of the material would constitute a permanent and continuing use of the property. The plaintiff claims that the condominium association was not prevented "from removing the materials if they were ever deemed to constitute a nuisance, problem, detriment to the property, etc." (Brief in Opposition at 16.)

However, such a claim is in direct contradiction to the stated purpose of the soundproofing material to prevent the intrusion of sounds from the first story to the second story units. Consequently, the soundproofing material would have to remain in place in order to provide Station # 2 with its intended benefits. Furthermore, it is in contradiction to the drawings and description of the sound attenuation materials plaintiff planned to install. (Plaintiff's Answers to First Set of Interrogatories Propounded by Frank T. ("Buddy") Gadams, Answer to Interrogatory No. 15, attached as Exhibit C (Identifying documents produced by John Nowland entitled "Mortar Bed

over Enkasonic.").) These drawings and description of the soundproofing provided by Nowland, and identified by Station # 2 as the relevant drawings clearly show that the soundproofing was to be placed underneath the floor and *on top of the unfinished floor* on the second floor. (See the diagram and description attached as Exhibit D.)

Installation of the sound attenuation material Enkasonic embedded under a layer of mortar above the unfinished floor of the second story would constitute a permanent burden on the condominium association's property for the benefit of the plaintiff and, therefore, would necessitate the grant of an easement. (Mortar is generally a mixture of cement and sand, hardly the sort of material that could easily be removed by the condominium association.) Therefore, the oral agreement at issue necessarily involved the grant of an easement to install and maintain sound attenuation material upon the property of the condominium association.

The statute of frauds provides that, "[u]nless a promise, contract, agreement, representation, assurance, or ratification or some memorandum or note thereof, is in writing and signed by the party to be charged or his agent, no action shall be brought . . . [u]pon any contract for the sale of real estate or for the lease thereof for more than a year." Va. Code Ann. § 11-2. In its opinion, the Supreme Court stated that the "grant of an easement is embraced within the statute of frauds and therefore must be in writing." *Station # 2*, 280 Va. at 176 (quoting *Buckles*, 134 Va. at 15). Therefore, the statute of frauds bars the breach of contract claim based upon the alleged grant of an oral easement by Marathon and Gadams to the plaintiff.

Thus, for the foregoing reasons, the plaintiff's breach of contract claim is barred by the statute of frauds. Marathon and Gadams' Motion for Summary Judgment will be granted and they are dismissed from this suit.