**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

No. 11-1864

_____

LISA SAPAROFF,

                    Plaintiff - Appellant,

          v.

OLD WATERLOO EQUINE CLINIC, INCORPORATED; HELEN M. POLAND,

                    Defendants – Appellees,

          and

HATTON HILLS FARM, LLC,

                    Defendant.

_____

Appeal from the United States District Court for the Eastern
District of Virginia, at Alexandria.    Anthony J. Trenga,
District Judge. (1:10-cv-00668-AJT-JFA)

_____

Submitted: January 20, 2012          Decided: February 16, 2012

_____

Before SHEDD, DUNCAN, and DAVIS, Circuit Judges.

_____

Affirmed in part; dismissed in part by unpublished per curiam
opinion.

_____

Lisa Saparoff, Appellant Pro Se.   John D. McGavin, BANCROFT,
MCGAVIN, HORVATH & JUDKINS, PC, Fairfax, Virginia, for
Appellees.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Lisa Saparoff appeals the district court's orders denying her Fed. R. Civ. P. 56(a) motion for partial summary judgment and granting Old Waterloo Equine Clinic, Inc.'s, Fed. R. Civ. P. 50(a) motion for judgment as a matter of law. Having reviewed the record, we affirm the district court's order denying Saparoff's motion for summary judgment and dismiss the appeal of the district court's entry of judgment.

We review de novo a district court's denial of a motion for summary judgment, "viewing the facts and the reasonable inferences drawn therefrom in the light most favorable to the nonmoving party." Emmett v. Johnson, 532 F.3d 291, 297 (4th Cir. 2008). Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). If the moving party sufficiently supports its motion for summary judgment, the nonmoving party must demonstrate "that there are genuine issues of material fact." Emmett, 532 F.3d at 297.

To establish her claim of fraud under Virginia law, Saparoff was required to establish by clear and convincing evidence that: (1) Old Waterloo intentionally and knowingly made a false representation of material fact with the intent to mislead her; (2) she relied on the misrepresentation; and (3)

3

she suffered damage as a result. Bank of Montreal v. Signet Bank, 193 F.3d 818, 826-27 (4th Cir. 1999); Cohn v. Knowledge Connections, Inc., 585 S.E.2d 578, 581 (Va. 2003). To prevail on her claim of constructive fraud, Saparoff was required to produce clear and convincing evidence that Old Waterloo negligently made a false representation of a material fact, and that she suffered damage as a result of her reasonable reliance on the misrepresentation. Bank of Montreal, 193 F.3d at 826-27; Richmond Metro. Auth. v. McDevitt St. Bovis, Inc., 507 S.E.2d 344, 347 (Va. 1998).

Upon a review of the record, we conclude that the evidence before the district court on Saparoff's Rule 56(a) motion was insufficient to establish her claims as a matter of law. Although we agree with Saparoff that certain facts were not in dispute, numerous conflicting allegations of material fact remained. Accordingly, and considering that determinations of intent, reasonableness, and reliance are often inappropriate for resolution by summary judgment, we find that the district court did not err in declining to grant summary judgment on either of Saparoff's fraud claims. See Gen. Analytics Corp. v. CNA Ins. Cos., 86 F.3d 51, 54 (4th Cir. 1996); Miller v. Premier Corp., 608 F.2d 973, 982 (4th Cir. 1979).

Furthermore, we find that Saparoff has waived review of the district court's order granting Old Waterloo's Rule 50

4

motion.  Under Fed. R. App. P. 10(b)(2), where an appellant intends to urge on appeal that "a finding or conclusion is unsupported by the evidence or is contrary to the evidence," it is the appellant's responsibility to include in the record a transcript of "all evidence relevant to that finding or conclusion."  An appellant's failure to file the necessary transcripts is grounds for dismissal of the appeal.  Powell v. Estelle, 959 F.2d 22, 26 (5th Cir. 1992) (per curiam), abrogation on other grounds recognized by Diaz v. Collins, 114 F.3d 69, 72 (5th Cir. 1997); Keller v. Prince George's Cnty., 827 F.2d 952, 954 n.1 (4th Cir. 1987).  Because Saparoff has failed to provide the necessary transcript of the trial proceedings before the district court, we dismiss Saparoff's appeal of the district court's entry of judgment in favor of Old Waterloo.

Accordingly, we affirm in part and dismiss in part. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART;
DISMISSED IN PART

5