**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

—————

**No. 11-2394**

—————

CRAIG SANFORD; MARY JO SANFORD,

Plaintiffs - Appellees,

v.

JAMES F. SMITH, JR., a/k/a Jamie Smith,

Defendant – Appellant,

and

SCG INTERNATIONAL, LLC,

Defendant.

—————

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Gerald Bruce Lee, District Judge. (1:10-cv-00940-GBL-IDD)

—————

Submitted: November 6, 2012          Decided: November 27, 2012

—————

Before KEENAN, WYNN, and FLOYD, Circuit Judges.

—————

Affirmed by unpublished per curiam opinion.

—————

James F. Smith, Jr., Appellant Pro Se.  John Chapman Petersen, Jason Frank Zellman, SUROVELL ISAACS PETERSEN & LEVY, PLC, Fairfax, Virginia, for Appellees.

—————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

James F. Smith, Jr. appeals the district court's order entering final judgment following a jury's conclusion that he defrauded Craig and Mary Jo Sanford of $9.5 million. We have reviewed the record and affirm the district court's judgment.

Proceeding pro se on appeal, Smith restates the arguments made by his lawyers in the district court, raising a single issue: namely, whether the district court, in denying his renewed motion for judgment as a matter of law under Fed. R. Civ. P. 50(b), improperly permitted the Sanfords to prevail at trial on a theory of fraud that was different than the theory of fraud that they had alleged in their amended complaint. We review the denial of a Rule 50(b) motion de novo, viewing the evidence in the light most favorable to the prevailing party and affirming the denial of the motion unless the jury lacked a legally sufficient evidentiary basis for its verdict. Gregg v. Ham, 678 F.3d 333, 341 (4th Cir. 2012).

Our review of the record convinces us that Smith's assertions are without merit for the simple reason that the evidence at trial proved a theory of fraud that was adequately pled in the Sanfords' amended complaint. Because the Sanfords' fraud claims were controlled by Virginia law, they were required to plead — and, at trial, to establish by clear and convincing evidence — that (1) Smith intentionally and knowingly (2) made a

2

false representation (3) of material fact (4) with the intent to mislead them, and that (5) they relied on the misrepresentation, (6) suffering damage as a result. Bank of Montreal v. Signet Bank, 193 F.3d 818, 826-27 (4th Cir. 1999); Cohn v. Knowledge Connections, Inc., 585 S.E.2d 578, 581 (Va. 2003). Federal Rule of Civil Procedure 9(b) requires plaintiffs alleging fraud to plead "with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b); see also Harrison v. Westinghouse Savannah River Co., 176 F.3d 776, 784 (4th Cir. 1999).

In cases in which a fraud count incorporates by reference all of the prior allegations in a complaint, we examine the entire complaint to determine if the pleading requirements of Rule 9(b) are satisfied. Adkins v. Crown Auto, Inc., 488 F.3d 225, 232 (4th Cir. 2007). It is apparent on any fair reading of the amended complaint as a whole that it alleged — with the particularity requisite under Rule 9(b) — that Smith made multiple promises to the Sanfords of repayment and of safeguarding their funds that he never intended to keep. See Colonial Ford Truck Sales, Inc. v. Schneider, 325 S.E.2d 91, 94 (Va. 1985) (in Virginia, where a party "makes [a] promise, intending not to perform, his promise is a misrepresentation of present fact, and if made to induce the promisee to act to his detriment, is actionable as an actual fraud.") (emphasis omitted); see also T.G. Slater & Son, Inc. v. Donald P. &

3

Patricia A. Brennan LLC, 385 F.3d 836, 844 (4th Cir. 2004) (same).

In our assessment, the Sanfords presented more than enough evidence at trial to support the jury's determination that, at the time Smith promised to keep the Sanfords' funds safe and to repay them, he intended not to keep his promise. The evidence adduced at trial was therefore sufficient to prove the theory of fraud that was pled in the Sanfords' amended complaint.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.

AFFIRMED

4