# CIRCUIT COURT OF THE CITY OF HOPEWELL

Tommy K. Smith

v.

Steven A. Paranto

April 27, 2015

Case No. CL14-314

BY JUDGE W. ALLAN SHARRETT

The Court must decide whether to grant or deny Plaintiff's Motion To Set Aside Verdict.

*Facts*

This case arises out of a motor vehicle accident that occurred on November 10, 2013, when a vehicle driven by Defendant, Steven A. Paranto, struck the vehicle driven by Plaintiff, Tommy K. Smith, while both parties were traveling through the intersection of Main Street, East Cawson, and Route 10 in the City of Hopewell. The Plaintiff alleges that he sustained bodily injury and property damage in the collision. On January 20, 2015, this matter was tried before a Hopewell jury. Plaintiff presented evidence of property damage amounting to $2,288.04 and medical bills totaling $5,850, together with evidence of bodily injury, pain, suffering, and other unliquidated damages. Defendant contested Plaintiff's assertions, primarily by impeachment of Plaintiff's evidence. After hearing the evidence, the jury returned a verdict in favor of Plaintiff and set damages at $2,288.04.

Plaintiff now moves to set aside the verdict as inadequate as a matter of law, asking the Court to enter judgment for the Plaintiff on liability and to set a new trial on the issue of damages. Plaintiff argues that if the jury found Defendant liable, it had to find he was responsible for both the property damage and Plaintiff's injuries. Defendant has asked for a judgment on the verdict, arguing that the jury clearly did not believe that Plaintiff was injured because it awarded only the exact amount of the property damage, or alternatively, for a new trial on both liability and damages.

*Discussion*

Because the parties' briefs are clear and well written, the Court needs no further oral argument to assist it in reaching its decision, and will deny Plaintiff's Motion To Set Aside Verdict.

The circuit court has discretion to determine whether to set aside a verdict, but that discretion is explicit and narrowly defined. *Jenkins v. Pyles*, 269 Va. 383, 388, 611 S.E.2d 404, 407 (2005). A verdict may only be set aside where the circuit court finds that the verdict is contrary to, or unsupported by, the evidence presented at trial. Va. Code Ann. § 8.01-430 (2014). The jury's function is to determine the credibility of the witnesses and the weight to be given to the evidence, as well as to resolve all conflicts in it; and thus the court will defer to their verdict when it is supported by credible evidence. *Jenkins*, 269 Va. at 388, 611 S.E.2d at 407. Where the evidence conflicts on a material point and reasonable persons could draw different conclusions from the facts presented, a trial judge may not substitute his or her own conclusions for those of a jury merely because he or she would have reached a different result. *Henderson v. Gay*, 245 Va. 478, 480-81, 429 S.E.2d 14, 16 (1993).

In the instant case, the jury found that the Defendant was negligent and awarded damages to the Plaintiff. Although the jury verdict forms did not provide for an allocation of damages between property damage and personal injuries, the Court can infer from the unique monetary number in the verdict, which was for the exact amount of property damages claimed, that the jury found the Plaintiff's property was damaged in the collision, but that the Plaintiff himself was not injured. In determining whether to set aside this verdict, the Court does not ask itself whether it would have reached the same verdict, but only determines whether a reasonable factfinder could have reached the same result.

Plaintiff argues that the verdict shows once the jury found the Defendant liable, because it awarded the exact amount of property damages claimed, it did not consider all of the elements of damages. However, the Court finds there is a distinction between the property damage and the personal injury components of this case. At trial, there was little dispute over the fact that the Plaintiff's vehicle had been damaged; there was, however, a material dispute over the extent of the Plaintiff's bodily injuries. Evidence was presented both that the Plaintiff suffered injury and that the Plaintiff suffered no injury. The verdict reflects an apparent belief by the jury, after weighing the credibility of the witnesses and giving due weight to the evidence, that Plaintiff's car was damaged as a result of the Defendant's negligence, but that Plaintiff himself did not suffer any bodily injury. Hence the jury verdict awards all of the property damages claimed, and none of the personal injury damages sought. Thus, the Court believes that the jury's verdict is not inconsistent with the evidence in this case and ought to be accorded the proper deference.

14

Accordingly, for the reasons stated herein, the Court denies Plaintiff's Motion To Set Aside Verdict.