Present: All the Justices

DORIS KNIGHT FULTZ

                                                OPINION BY
v.  Record No. 080782        JUSTICE LAWRENCE L. KOONTZ, JR.
                                             June 4, 2009
DELHAIZE AMERICA, INC.,
D/B/A FOOD LION, INC., ET AL.

          FROM THE CIRCUIT COURT OF ALBEMARLE COUNTY
                      Cheryl V. Higgins, Judge


     Doris Knight Fultz, a customer at a Food Lion grocery

store, injured herself when she tripped over a metal bar

attached to the floor and extending along the side and to the

front of an automated teller machine ("ATM") located inside

the grocery store.  The sole issue we consider in this appeal

is whether Fultz was contributorily negligent as a matter of

law.  Specifically, we consider whether the circuit court

erred in determining that the issue whether Fultz was

reasonably distracted before injuring herself on an open and

obvious hazard was appropriate for summary judgment.

                           BACKGROUND

     Pursuant to Rule 3:20, we examine the facts as presented

in the pleadings, the orders made at a pretrial conference,

and the party admissions.  After completing her shopping at

the Food Lion grocery store located on the 4000 block of

Franklin Road in Roanoke on August 7, 2004, Fultz walked

directly to the ATM located in the front vestibule area of the

store.  The ATM had been installed and maintained by Nationwide Money Services, Inc.  Actual dimensions of the ATM and the bars were not included in the record.  However, Fultz's answers to interrogatories and three photographs of the ATM and bars filed as exhibits illustrate the overall appearance, color, shape, and general placement of the ATM and the bars.  The interrogatory answers and photographic exhibits depict two bars, each approximately twice the length of the ATM, bolted to the floor on either side of the machine.  Less than four inches of space exists between the bars and the ATM. The bars extend into the walkway from either side of the ATM three feet in front of the machine.  The bars are bolted to the floor by four metal struts attached to each bar.  The bars sit approximately five inches off of the floor.  The bars appear to be wrought of a dark smooth metal and to be more than two, but less than five inches in diameter.  The photographs depict off-white or beige floor tiles beneath the ATM and the bars.

In order to use the ATM, an individual would first have to step over one of the bars if approaching the ATM from the side, or walk directly between the bars if approaching from the front of the machine.  The placement of the bars forced a user of the ATM like Fultz, to stand between both bars while using the machine.

Fultz's three-year old grandson accompanied her when she approached the ATM. While using the ATM, Fultz's grandson suddenly moved away from her. Fultz turned, moved toward her grandson, and tripped over one of the metal bars. The impact from the fall fractured three bones in Fultz's right elbow.

Fultz thereafter filed in the Circuit Court of the City of Albemarle an amended complaint against Delhaize America, Inc., the parent company of Food Lion, Inc., Food Lion, LLC, and Nationwide Money Services, Inc. (collectively, "the defendants"), seeking damages for her injuries from her fall.[*] Ultimately, the circuit court held that the bars protruding from the sides of the ATM represented an open and obvious hazard, and that Fultz was contributorily negligent as a matter of law when she tripped over one of those bars and injured herself. Accordingly, the circuit court granted the defendants' motion for summary judgment. We awarded Fultz this appeal.

---

[*] The record does not reflect which of the defendants installed the metal bars and under what circumstances this was done. Based upon a review of the photographic exhibits, however, it is a reasonable inference that the bars were installed to protect the ATM from being damaged by grocery carts stored next to it. In the procedural posture of the case, and for purposes of resolving this appeal, we will merely assume that the defendants acted jointly. Additionally, we note that venue is not an issue in this case.

DISCUSSION

Under well-settled principles, we review the record applying the same standard a trial court must adopt in reviewing a motion for summary judgment, accepting as true those inferences from the facts that are most favorable to the nonmoving party, unless the inferences are forced, strained, or contrary to reason. Dickerson v. Fatehi, 253 Va. 324, 327, 484 S.E.2d 880, 882 (1997); Carson v. LeBlanc, 245 Va. 135, 139-40, 427 S.E.2d 189, 192 (1993). In this context, we have repeatedly held that summary judgment is a drastic remedy, available only when there are no material facts genuinely in dispute. Stockbridge v. Gemini Air Cargo, Inc., 269 Va. 609, 618, 611 S.E.2d 600, 604 (2005); Smith v. Smith, 254 Va. 99, 103, 487 S.E.2d 212, 215 (1997); Slone v. General Motors Corp., 249 Va. 520, 522, 457 S.E.2d 51, 52 (1995). Thus, if the evidence is conflicting on a material point or if reasonable persons may draw different conclusions from the evidence, summary judgment is not appropriate. See Jenkins v. Pyles, 269 Va. 383, 388, 611 S.E.2d 404, 407 (2005)(applying this principle to motion to set aside jury verdict).

Furthermore, we have previously observed that we are increasingly confronted with appeals of cases in which a trial court incorrectly has short-circuited litigation pretrial and has decided the dispute without permitting the parties to

4

reach a trial on the merits.  Renner v. Stafford, 245 Va. 351, 352, 429 S.E.2d 218, 219 (1993); see also CaterCorp, Inc. v. Catering Concepts, Inc., 246 Va. 22, 24, 431 S.E.2d 277, 279 (1993).  This is another such case.

It is well-established that Virginia law requires storeowners to maintain reasonably safe facilities for their invitees' visits.  As we explained long ago, a storeowner is not an insurer of the invitee's safety on the premises, but must use ordinary care to render them reasonably safe for the invitee's visit.  Knight v. Moore, 179 Va. 139, 145, 18 S.E.2d 266, 269 (1942)(citing cases).  Further, while a storeowner "must give notice or warning of an unsafe condition which is known to him and is unknown to the invitee, such notice is not required where the dangerous condition is open and obvious, and is patent to a reasonable person exercising ordinary care for his own safety."  Id. at 146, 18 S.E.2d at 269 (citing Eastern Shore of Va. Agric. Ass'n v. LeCato, 151 Va. 614, 619-20, 144 S.E. 713, 714 (1928)).  In addition, an invitee also "has the right to assume that the premises are reasonably safe for his visit," and "[i]n the absence of knowledge or warning of danger, . . . is not required to be on the lookout for it."  Id. at 146, 18 S.E.2d at 270 (citing cases).

For purposes of our resolution of this appeal, we will assume, without deciding, that the protruding metal bars

constituted an open and obvious dangerous condition on the premises.  We note, however, that "[w]hen the defect is of such a character that reasonable and prudent [persons] may reasonably differ as to whether an accident could or should have been reasonably anticipated from its existence or not, then the case is generally one for the jury."  City of Roanoke v. Sutherland, 159 Va. 749, 758, 167 S.E. 243, 246 (1933).  Thus, assuming the metal bars constituted an open and obvious dangerous condition, the focus of this appeal is whether the facts as presented in the pleadings and the party admissions support the circuit court's grant of summary judgment in favor of the defendants on the ground that Fultz was contributorily negligent as a matter of law.

In Moses v. Southwestern Va. Transit Management Co., 273 Va. 672, 643 S.E.2d 156 (2007), we recently reviewed the well-established principles of law that define contributory negligence and its determination.  As pertinent here, we recounted that "[c]ontributory negligence is an affirmative defense that must be proved according to an objective standard whether the plaintiff failed to act as a reasonable person would have acted for his or her own safety under the circumstances.  The essential concept of contributory negligence is carelessness.  The issue whether a plaintiff is guilty of contributory negligence is ordinarily a question of

6

fact to be decided by the fact finder.  The issue becomes one of law for the circuit court to decide only when reasonable minds could not differ about what conclusion could be drawn from the evidence."  Id. at 678, 643 S.E.2d at 159-60 (internal citations and quotation marks omitted).

When, as here, the issue of the plaintiff's contributory negligence arises from the plaintiff's injury by an open and obvious dangerous condition, the plaintiff has the burden to show conditions outside herself which prevented her seeing the dangerous condition or which would excuse her failure to observe it.  Southern Floors & Acoustics, Inc. v. Max-Yeboah, 267 Va. 682, 686, 594 S.E.2d 908, 910-11 (2004)(jury issue presented when plaintiff tripped over stack of tiles after contractor's employees yelled and pointed).  In other words, when the plaintiff was distracted and suffered injuries from an open and obvious defect, a jury issue as to the plaintiff's contributory negligence can be created.  However, "'more is needed than a simple allegation of a distraction to create a jury issue.  It [is] necessary for [the] plaintiff to establish that [her] excuse for inattention was reasonable, i.e., that the distraction was unexpected and substantial.' " Id. at 686, 594 S.E.2d at 910 (quoting citing West v. City of Portsmouth, 217 Va. 734, 737, 232 S.E.2d 763, 765 (1977)).

7

In West, a pedestrian injured himself after walking into a water meter box on a public sidewalk. West argued that customers entering and exiting an adjacent bakery had distracted him. Id. at 737, 232 S.E.2d at 765. He contended that this evidence was sufficient to establish a condition and a distraction "outside of himself" which prevented him from seeing the defect in the sidewalk. Id. According to West, a question of fact for the jury was presented as to whether he exercised ordinary care under the circumstances. We rejected this contention, reasoning that "[a] careful review of the evidence compels the conclusion that [West] was simply not observant and neglected to see what was . . . open and obvious, and what, by maintaining a lookout commensurate with the circumstances then existing, he should have seen." Id. at 739, 232 S.E.2d at 767.

Nonetheless, we have specifically declined to hold that, as a matter of law, a pedestrian's failure to look down while stepping forward necessarily constitutes contributory negligence in every case. Little Creek Inv. Corp. v. Hubbard, 249 Va. 258, 261, 455 S.E.2d 244, 246 (1995)(citing City of Suffolk v. Hewitt, 226 Va. 20, 28, 307 S.E.2d 444, 448 (1983)). Furthermore, as we stated in Little Creek, "the circumstances of each case must be considered to determine whether a pedestrian who failed to look nevertheless produced

8

sufficient evidence to support a finding that the pedestrian exercised reasonable care for his or her safety under the circumstances. If such evidence is produced, a jury question is presented."  249 Va. at 261, 455 S.E.2d at 246.  See also Miracle Mart, Inc. v. Webb, 205 Va. 449, 452, 137 S.E.2d 887, 890 (1964) (invitee injured by slipping on wet floor of a store not barred from recovery by contributory negligence where a store employee had distracted her).

In the present case, Fultz did not trip on the metal bars while walking from one point to another as she approached the ATM.  The thrust of her allegations is that once she arrived at the ATM, she was distracted from the hazard the metal bars presented both by her use of the ATM and the sudden movement of her grandson.  It is a matter of common knowledge and experience that manipulating the user interface of an ATM requires a degree of concentration, that young children frequently accompany adults while shopping at grocery stores, and that such children frequently require the attending adults to respond to the children's sudden and unexpected movements. Whether the occurrence of such circumstances would excuse inattentiveness to an open and obvious dangerous condition, such as the protruding metal bars here, would depend upon the circumstances of the particular case.

9

We are of opinion that reasonable minds could differ as to whether under the circumstances of this case, Fultz acted as a reasonable person would have acted for her own safety. Thus, we hold that the circuit court erred in determining that Fultz was guilty of contributory negligence as a matter of law.

CONCLUSION

For these reasons, the circuit court erred in granting the defendants' motion for summary judgment. Accordingly, we will reverse the judgment of the circuit court and remand this case for further proceedings consistent with this opinion.

Reversed and remanded.