# CIRCUIT COURT OF THE CITY OF NORFOLK

Lindell Wallace
and Michael G. Campbell

v.

Kevin Patillo
and William Wade

January 19, 2011

Case No. (Civil) CL09-6433

BY JUDGE CHARLES E. POSTON

This matter is before the Court for resolution of a variety of motions, including motions for summary judgment filed by both parties, motions for sanctions filed by both parties, and various motions for leave to amend filed by the defendant.

## The Proceedings to Date

The plaintiffs commenced this action on October 7, 2009, by filing their complaint. Service of process was effected upon the defendant, William Wade, on October 21, 2009. The defendant, Kevin Patillo, was served through the Secretary of the Commonwealth on September 10, 2009, whose return was filed with the Court on September 28, 2009. No subsequent filing by the Plaintiffs has addressed the defendant Patillo, who has neither answered nor otherwise responded to the complaint. All references to the defendant that follow refer only to the defendant Wade unless otherwise noted.

The plaintiffs filed a motion for default judgment on November 20, 2009, because the defendant had failed to answer their complaint within twenty-one days of service of process as required by Rule 3:8 of the Rules of the Supreme Court of Virginia. By order entered December 4, 2009, the Court granted the defendant's motion for leave to file a late answer, provided that the defendant file by December 17, 2009. The plaintiff's motion for default judgment was continued to December 18, 2009.

Seeing no answer filed on December 17, 2009, as ordered, the court granted the plaintiffs' motion for default judgment on December 18, 2009. That judgment was set aside on February 2, 2010, because the court found that the answer had indeed been filed within the prescribed time, albeit at the last minute, 4:23 p.m. on December 17, 2009. The answer, however, merely denied the complaint's allegations and asserted no affirmative defenses. On May 14, 2010, the defendant, proceeding *pro se*, filed an amended answer adding the following paragraph 5:

> The Defendant asserts that the Plaintiffs have: failed to state a claim upon which relieve [sic] can be granted; have failed to perfect service of process on the Defendant Wade; and their claims are barred by the statute of limitations.

On September 28, 2010, the defendant, by counsel, filed a motion for leave to file a second amended answer. The court has not authorized the filing of either the first or second amended answers.

The parties submitted a scheduling order that was entered on May 19, 2010, that provided, *inter alia*, for a trial date of September 30, 2010. The scheduling order also set specific deadlines for the completion of discovery, filing of witness lists, jury instructions, and other incidents of trial. The defendant Wade appeared *pro se* and endorsed the order. On July 23, 2010, the plaintiffs served the defendant by mail with requests for admission, interrogatories, and a request for production of documents. The defendant evidently ignored these discovery matters until September 17, 2010, almost two months later, when he filed a motion seeking leave "to withdraw this admission by default to the Plaintiff's Requests for Admission." The court, on September 24, 2010, ordered the defendant to answer interrogatories and requests for production of documents by 5:00 p.m. on September 27, 2010, and continued the matter for further hearing until September 28, 2010, at which time the court denied the plaintiffs' motion for summary judgment. The court did not, however, address the question raised by the defendant's motion for relief from the admissions he was deemed to have made to the Request for Admissions. Although the defendant retained counsel on September 27, 2010, it is apparent from the quality of the pleadings he filed *pro se* that the defendant is not unfamiliar with legal issues and procedures.

Even after this delayed procedure resulting in an order requiring the defendant to answer interrogatories and the request for production of documents, the defendant did not comply fully. His answers were, in fact, filed by the deadline imposed by the court, but they were not under oath as required by Rule 4:11 of the Rules of the Supreme Court of Virginia. The court, once again, granted the defendant additional time to file an attested answer. On October 13, 2010, the defendant filed a motion for leave to file amended answers to the interrogatories, request for production of

documents, and the request for admissions. At a hearing already scheduled on other matters on October 14, 2010, the court heard argument and directed the parties to file written submissions to the plaintiff's motion for summary judgment. The court also held that the requests for admissions were deemed admitted as provided in Rule 4:11. The parties' motions for summary judgment and motions for sanctions, as well as the defendant's motions for leave to file objections to the plaintiff's exhibit list, leave to amend his witness list, and leave to file an amended answer are at issue presently.

## The Request for Admissions

On October 14, 2010, the court ruled from the bench that the requests for admission were deemed admitted because the defendant had not responded to the plaintiffs' request for admissions within the twenty-one-day period prescribed by Rule 4:11 of the Rules of the Supreme Court of Virginia. Because the parties addressed this issue in their submissions, the court will reexamine its earlier ruling.

> Rule 4:11 provides in pertinent part:
>
> (a) *Request for Admission.* . . . Each matter of which an admission is requested shall be separately set forth. The matter is admitted unless, within 21 days after service of the request, or within such shorter or longer time as the court may allow, the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or by his attorney, but, unless the court shortens the time, a defendant shall not be required to serve answers or objections before the expiration of 28 days after service of the complaint upon him. . . .
>
> (b) *Effect of Admission.* Any matter admitted under this Rule is conclusively established unless the court on motion permits withdrawal or amendment of the admission. Subject to the provisions of Rule 4:13 governing amendment of a pretrial order, the court may permit withdrawal or amendment when the presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice him in maintaining his action or defense on the merits. . . .

Va. Sup. Ct. R. 4:11(a), (b). Rule 4:11 is clear in its terms that, when a party, to whom requests for admissions are directed, ignores and fails to admit or deny the requests, such requests for admissions are deemed admitted. *See also Metro Machine Corp. v. Mizenko*, 244 Va. 78, 82 (1992) ("Because

[the defendant] failed to answer [the plaintiff's] request for admission, the facts set forth in the request are deemed admitted."). On October 22, 2010, the plaintiffs filed a motion for summary judgment based, in large measure, upon the defendant's failure to respond to the request for admissions served by mail three months earlier. When the request for admissions was filed, the scheduling order in effect provided for a trial date of September 30, 2010. That scheduling order, which has not been modified except to grant a continuance of the trial date at the defendant's insistence, provided in paragraph 3: "The parties shall complete discovery, including depositions, by thirty days before trial." Because the trial date set in the scheduling order was September 30, 2010, the date on which discovery was to be completed was August 31, 2010. The plaintiffs fully complied with that order's requirements concerning discovery. In fact, the trial date was continued because the defendant had completely ignored both the court's pretrial order and the Rules of the Supreme Court of Virginia governing pretrial matters.

The defendant cannot credibly argue ignorance of legal matters and procedures because, as mentioned above, the pleadings he filed *pro se* evidence a sophisticated understanding of the law and of trial procedures. Having elected to represent himself, he cannot now argue his lack of counsel as an excuse for his failure to meet pretrial deadlines. To permit that argument would be inequitable to the plaintiffs who have met every deadline, and would, in essence, penalize the plaintiff for having retained counsel to represent them.

Although courts often consider whether upholding admissions against a party will result in "admitting away the case," *see Shaheen v. County of Mathews*, 265 Va. 462, 474 (2003), this court, having reviewed the entire record of this action, finds that the defendant had several opportunities to comply with the rules governing discovery and, instead, created the situation in which he finds himself with regard to his failure to respond to the request for admissions. Because the defendant has offered no reasonable justification for his lack of diligence, the defendant is deemed to have admitted the request for admissions.

Therefore, based on the defendant's deemed admissions, the court finds the following:

1. The defendant initiated, or requested Mr. Wallace to initiate, withdrawals from Wachovia Bank in the amount of $146,179. Request for Admissions No. 1.

2. The funds withdrawn from the Wachovia account were intended to be used for the lawful business and benefit of Vision Construction International, Inc. ("VCI"). Request for Admissions No. 2.

3. The defendant had no individual right to the funds withdrawn from Wachovia. Request for Admissions No. 3.

4. The defendant initiated, or requested Mr. Wallace to initiate, withdrawals from SunTrust Bank in the amount of $68,200. Request for Admissions No. 4.

5. The funds withdrawn by withdrawals from SunTrust were intended to be used for the lawful business and benefit of VCI. Request for Admissions No. 5.

6. The defendant had no individual right to the funds withdrawn from SunTrust. Request for Admissions No. 6.

7. The defendant requested Michael Campbell to wire funds in the amount of $150,000 to VCI. Request for Admissions No. 7.

8. The funds withdrawn or wired by Mr. Campbell were intended to be used for the lawful business and benefit of VCI to include investment in another business. Request for Admissions No. 8.

9. The defendant used the $150,000 VCI received from Mr. Campbell for his own benefit. Request for Admissions No. 9.

10. The copies of checks or counter withdrawals found in Exhibit A of the Request for Admissions are true and correct copies of checks or counter withdrawals drawn on the account of VCI. Request for Admissions No. 10.

11. The defendant signed the checks shown in the same Exhibit A. Request for Admissions No. 11.

12. The defendant wrote checks to Shirley Patillo in an amount totaling $13,500. Request for Admissions No. 12.

13. The defendant wrote checks to Milcap Wade in an amount totaling $2,000. Request for Admissions No. 13.

14. The defendant wrote checks to Norfolk Academy in the amount of $1,190. Request for Admissions No. 14.

15. The defendant wrote checks to himself in an amount totaling $118,920. Request for Admissions No. 15.

16. The defendant wrote checks to the Reverend Michael Clinkscales in an amount totaling $8,500. Request for Admissions No. 15.

17. The defendant wrote checks to Nicole Patillo in an amount totaling $5,300. Request for Admissions No. 15.

18. The defendant wrote checks to Vera Turner in an amount totaling $1,300. Request for Admissions No. 16.

19. The defendant wrote checks to Kevin Patillo in an amount totaling $7,000. Request for Admissions No. 17.

20. None of the checks shown in Exhibit A to the Request for Admissions were written for business purposes related to VCI. Request for Admissions No. 18.

21. All of the checks shown in the same Exhibit A were written for the defendant's benefit. Request for Admissions No. 19.

22. The defendant induced Mr. Wallace to withdraw funds from SunTrust and Wachovia by telling him that the funds would be used for the

benefit and lawful business purposes of VCI. Request for Admissions No. 20.

23. The defendant induced Mr. Campbell to wire funds by telling him that the funds would be used for the benefit and lawful business purposes of VCI. Request for Admissions No. 21.

24. The defendant's statement to Mr. Campbell that the funds would be used for the benefit and lawful purposes of VCI was false. Request for Admissions No. 22.

These matters, then, are conclusively established for purposes of this litigation. Va. Sup. Ct. R. 4:11(b).

## *The Parties' Motions for Summary Judgment*

Summary judgment is appropriate if it appears from the pleadings, pretrial orders, and admissions that there is no genuine material issue of fact to be decided. Va. Sup. Ct. R. 3:20. In reviewing a motion for summary judgment, a trial court must "accept[] as true those inferences from the facts that are most favorable to the nonmoving party, unless the inferences are forced, strained, or contrary to reason." *Feltz v. Delhaize Am., Inc.*, 278 Va. 84, 88 (2009). The rules regarding summary judgment were designed to end litigation at an early stage when the pleadings and admissions show clearly that one of the parties is entitled to judgment. *Carson, ex rel. Meredith v. LeBlanc*, 245 Va. 135, 140 (1993). Summary judgment, when appropriate, reduces the expense of litigation for the parties and encourages judicial economy.

## A. *Plaintiffs' Motion for Summary Judgment*

On September 28, 2010, the court denied the plaintiff's motion for summary judgment after considering the defendant's answers to interrogatories and response to the plaintiffs' request for production of documents. The court found that genuine material issues of fact had been raised, but the court did not consider the defendant's admissions. The plaintiff now asserts that the admissions remove all issues of fact.

## 1. *The Fraud Count*

A plaintiff alleging the tort of actual fraud must prove six elements by clear and convincing evidence.

> [A] litigant who prosecutes a cause of action for actual fraud must prove by clear and convincing evidence: (1) a false representation, (2) of a material fact, (3) made intentionally

and knowingly, (4) with intent to mislead, (5) reliance by the party misled, and (6) resulting damage to the party misled.

*Prospect Dev. Co. v. Bershader*, 258 Va. 75, 85 (1999) (citation omitted); *see also Klaiber v. Freemason Assocs., Inc.*, 266 Va. 478, 485 (2003). It is also said that the plaintiff's reliance on the misrepresentation must be reasonable and justified. 8B M.J., Va. & W. Va. Jur., *Fraud and Deceit*, § 27 (2010).

Although the admissions demonstrate false representations of material facts that were made intentionally and knowingly with reliance by the plaintiffs, those admissions, do not, standing alone, establish that the plaintiffs' reliance on the misrepresentations was justifiable or reasonable, although the admitted facts may well facilitate the plaintiffs in proving their case. Further, the admissions establish that the plaintiffs suffered damages, but the amount of the damages cannot accurately be determined from the admissions alone. Thus, because material issues of fact remain, the plaintiff's motion for summary judgment, with respect to the fraud count, is denied.

### 2. *The Conversion Count*

Conversion is a common law tort that must be proven by the greater weight of the evidence.

> The tort of "conversion" is an intentional exercise of dominion and control over personal property or a chattel that so seriously interferes with the right of another to control that property that the tortfeasor may justly be required to pay the other the full value of the property. It is wrongful control or dominion over personal property in a way that repudiates an owner's right in the property in denial of or in a manner inconsistent with such right. It is some unauthorized act that deprives another of his or her property permanently or for an indefinite time. Such dominion is without the owner's consent and without lawful justification.

18 Am. Jur. 2d, *Conversion*, § 1 (2010); *see also United Leasing Corp. v. Thrift Ins. Corp.*, 247 Va. 299, 305 (1994) (citation omitted).

While the admissions certainly suggest that a conversion may have occurred, and it is alleged by the plaintiff that the defendants willingly directed the funds to be transferred to the defendant's account, the defendant's admissions, alone, do not establish conclusively that the taking of money was unauthorized. Thus, the tort of conversion has not been proved by the admissions; because issues of material fact still exist, the

plaintiff's motion for summary judgment, with respect to the conversion count, is denied.

In summary, the court, having reviewed the pleadings, including discovery responses, and the argument of counsel, concludes that material issues of fact remain in controversy and will deny the plaintiffs' motion for summary judgment.

## B. *Defendant's Motion for Summary Judgment*

The defendant's motion to dismiss the fraud and conversion counts based on the statute of limitations is premature. The only evidence now before the court consists of the defendant's admissions; the remaining information is in the form of allegations in pleadings and written memoranda of law. There is not sufficient evidence in the record, at this stage of the litigation, to address this motion, and, accordingly, the motion is denied.

## *Defendant's Motions for Leave To File Objections to Plaintiffs' Exhibit List, Leave To Amend Witness List, and Leave To File Amended Answer*

The defendant has filed motions for leave to file objections to the plaintiff's exhibit list, for leave to amend his witness list, and for leave to file an amended answer. A scheduling order was entered in this action on May 19, 2010, endorsed by plaintiffs' counsel and by the defendant. The plaintiffs have complied fully with the requirements of that order; the defendant has not. Because the terms of that order were sufficiently clear and the defendant himself endorsed the order, thereby indicating his agreement to its terms, the court can discern absolutely no justification for the defendant's ignoring of his responsibilities under both the terms of the order and pursuant to the requirements of the Rules of the Supreme Court of Virginia. Consequently, these motions filed by the defendant are denied.

## *The Parties' Motions for Sanctions*

Each party has filed a motion for sanctions against the other. The defendant's motion is totally without merit and will be denied. The court will take the plaintiffs' motion for sanctions under advisement and will address it at the conclusion of this action.

## *Conclusion*

In sum, the defendant is deemed to have admitted each of the plaintiff's requests for admissions. The plaintiffs' and defendant's motions for summary judgment are denied without prejudice; the defendant's motions for leave to file objections to the plaintiffs' exhibit list, leave to

amend his witness list, and for leave to file an amended answer are denied; the defendant's motion for sanctions is denied; and the plaintiffs' motion for sanctions is taken under advisement to be addressed at the conclusion of this action.