UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present: Judges O'Brien, Ortiz and Senior Judge Haley
Argued by videoconference


CYNTHIA P. OLIVER

v.      Record No. 0225-23-2

KIMBERLY A. PINCHBECK, P.C.

MEMORANDUM OPINION[*]
PER CURIAM
FEBRUARY 13, 2024


UPON A REHEARING

FROM THE CIRCUIT COURT OF CHESTERFIELD COUNTY
Frederick G. Rockwell, III, Judge Designate

Danny Zemel (Anthony F. Troy; The Krudys Law Firm, PLC; The
Stanley Law Group, PLLC, on briefs), for appellant.

Amanda J. Foster (Kimberly A. Pinchbeck; Kimberly A. Pinchbeck,
P.C., on brief), for appellee.


Cynthia P. Oliver appeals the circuit court's judgment awarding $65,472.47 in unpaid legal

fees for Kimberly A. Pinchbeck, P.C. Oliver asserts that the circuit court erred in awarding

Pinchbeck summary judgment based on its prior order which did not resolve the contractual

disagreement. Finding that there are material facts genuinely in dispute, we reverse and remand

for further proceedings.

BACKGROUND

Pinchbeck represented Oliver in legal proceedings involving an estate dispute in

Chesterfield County Circuit Court. Oliver filed a motion to have $82,819.24 of her attorneys' fees

due to Pinchbeck paid by the estate. The circuit court ordered that the estate pay only $22,500 of

Oliver's fees, but also found Pinchbeck's fees "to be reasonable in their totality."

---

[*] This opinion is not designated for publication. *See* Code § 17.1-413(A).

Pinchbeck filed a subsequent complaint against Oliver for $65,472.47 in unpaid legal fees. Pinchbeck moved for summary judgment relying upon the circuit court's prior order determining her fees to be reasonable. After both parties briefed the issues and presented oral argument at a November 2, 2022 hearing, the circuit court granted summary judgment based upon the prior order and awarded Pinchbeck the full amount sought in her complaint. Oliver appealed to this Court but failed to timely file the transcript or a written statement of facts in lieu of a transcript necessary to the appeal pursuant to Rule 5A:8. As a result, the Court issued a memorandum opinion on October 24, 2023, that the merits of her assignments of error could not be reached and affirmed the circuit court's judgment.

Oliver filed a petition for rehearing and in the alternative a petition for rehearing en banc. The Court granted the petition for rehearing relying on Oliver's argument that no transcript or written statement of facts was necessary because the circuit court's decision was based solely on the pleadings and arguments deriving from the pleadings. Because the transcript and written statements of facts are not "necessary to permit resolution" of Oliver's assignments of error, the Court held a rehearing on January 3, 2024. Rule 5A:8(b)(4)(ii).

ANALYSIS

"We review the trial court's grant of summary judgment de novo." *VACORP v. Young*, 298 Va. 490, 494 (2020). For a moving party to be entitled to summary judgment, it must be "demonstrate[d] that no 'material' facts are 'genuinely in dispute.'" *AlBritton v. Commonwealth*, 299 Va. 392, 403 (2021). "It follows that immaterial facts genuinely in dispute or material facts not genuinely in dispute do not preclude the entry of summary judgment." *Id.* Further, whether a contract is ambiguous is a question of law that we review de novo. *Stroud v. Stroud*, 49 Va. App. 359, 367 (2007). "Contract language is ambiguous when 'it may be understood in more than one way or when it refers to two or more things at the same time.'" *Eure v. Norfolk*

*Shipbuilding & Drydock Corp.*, 263 Va. 624, 632 (2002) (*quoting Granite State Ins. Co. v. Bottoms*, 243 Va. 228, 234 (1992)). "However, '[a] contract is not ambiguous merely because the parties disagree as to the meaning of the terms used.'" *Id.* (alteration in original) (quoting *TM Delmarva Power, L.L.C. v. NCP of Va., L.L.C.*, 263 Va. 116, 119 (2002)).

Oliver argues on appeal that the circuit court erred in finding no material facts genuinely in dispute based on its prior May 8, 2019 order.[1] In this order, the circuit court awarded Pinchbeck $22,500 and stated that it found "counsel's fees to be reasonable in their totality." Oliver argues that the circuit court found only the $22,500 fees to be reasonable as opposed to the totality of Pinchbeck's claimed fees. We disagree. The circuit court stated that the fees were reasonable "in their totality." During a hearing on May 8, 2019, the circuit court further stated that it did not find the fees were excessive and found the fees "were reasonable." Therefore, there is no material dispute over whether the fees are reasonable as the issue has been decided by the circuit court.

Nevertheless, that the fees are reasonable does not address the additional arguments raised by Oliver that she and Pinchbeck do not agree on the terms of the oral contract. Pinchbeck in her complaint states that Oliver "expressly and implicitly agreed to" the terms of representation and was "billed on a regular basis." Oliver in her answer denies "that the amounts were ever agreed to or authorized" and states that she "was advised and understood that no further fees would be paid or forthcoming beyond what had already been paid." Oliver further states in her answer that Pinchbeck was "not solely" working for Oliver. On appeal, Oliver expounds on this point by arguing that the order, which the circuit court relied on for summary judgment, does not state if Oliver was responsible for the claimed fees or the estate and its

---

[1] Because we agree with Oliver on this issue, we need not address Oliver's second assignment of error.

beneficiaries. Oliver contends she has a recoupment claim based on her answer that Pinchbeck "failed to represent [Oliver] professionally and ethically and thus do[es] not merit the entitlement of any fees." Pinchbeck responds that the circuit court repeatedly found that Pinchbeck did an "outstanding job," but again this does not resolve whether Pinchbeck's representation violated the contract such that she is not entitled to fees.

Thus, it appears the parties do not agree on the terms of the contract. We find the contract language is ambiguous as "it may be understood in more than one way." *Granite State Ins.*, 243 Va. at 234. In such instances, a grant of summary judgment is error because other evidence is necessary to resolve the ambiguity. *See Greater Richmond Civic Recreation, Inc. v. A. H. Ewing's Sons, Inc.*, 200 Va. 593, 596 (1959) ("[W]hen a contract is ambiguous it is necessary to resort to parol evidence to ascertain the exact intention of the parties. This is especially true when no formal written contract has been entered into by the parties."); *Cascades N. Venture Ltd. P'ship v. PRC Inc.*, 249 Va. 574, 582 (1995) ("Because the meaning of the disputed lease provisions is unclear, the intention of the parties is a material issue in dispute, so that summary judgment was improper."); *Ciejek v. Laird*, 238 Va. 109, 111 (1989) (holding that grant of summary judgment based on controlling document was error when document was ambiguous).

Because Oliver has demonstrated the terms of the oral contract are ambiguous and genuinely in dispute, the Court finds that the circuit court "incorrectly has short-circuited litigation pretrial and has decided the dispute without permitting the parties to reach a trial on the merits." *Fultz v. Delhaize Am., Inc.*, 278 Va. 84, 88 (2009).

- 4 -

## CONCLUSION

For the foregoing reasons, we conclude that the circuit court erred in granting summary judgment.

*Reversed and remanded.*

UNPUBLISHED

*VIRGINIA:*

*In the Court of Appeals of Virginia on* **Tuesday** *the* **28th** *day of* **November, 2023**.

Cynthia P. Oliver, Appellant,

against            Record No. 0225-23-2
Circuit Court No. CL22-1529

Kimberly A. Pinchbeck, P.C., Appellee.

Upon a Petition for Rehearing

Before Judges O'Brien, Ortiz and Senior Judge Haley

On November 6, 2023 came appellant, by counsel, and filed a petition praying that the Court set aside the judgment rendered herein on October 24, 2023, and grant a rehearing thereof.

On consideration whereof, the petition for rehearing is granted, the opinion rendered on October 24, 2023 is withdrawn, the mandate entered on that date is vacated, and the case is reinstated on the docket of the Court.

A Copy,

Teste:

A. John Vollino, Clerk

By:    *original order signed by a deputy clerk of the Court of Appeals of Virginia at the direction of the Court*

Deputy Clerk

Present:  Judges O'Brien, Ortiz and Senior Judge Haley

CYNTHIA P. OLIVER

v.     Record No. 0225-23-2

KIMBERLY A. PINCHBECK, P.C.

MEMORANDUM OPINION[*]
PER CURIAM
OCTOBER 24, 2023

FROM THE CIRCUIT COURT OF CHESTERFIELD COUNTY
Frederick G. Rockwell, III, Judge Designate

(Danny Zemel; Anthony F. Troy; The Krudys Law Firm, PLC; The
Stanley Law Group, PLLC, on briefs), for appellant.

(Amanda J. Foster; Kimberly A. Pinchbeck; Kimberly A. Pinchbeck,
P.C., on brief), for appellee.  Appellee submitting on brief.

Cynthia P. Oliver appeals the circuit court's judgment awarding $65,472.47 in unpaid legal

fees for Kimberly A. Pinchbeck, P.C.  We have reviewed the parties' pleadings, fully examined the

proceedings, and determined the case to be wholly without merit as set forth below.  Thus, the panel

unanimously holds that oral argument is unnecessary.  Code § 17.1-403(ii)(a); Rule 5A:27(a).

Oliver failed to timely file the transcript or a written statement of facts in lieu of a transcript

necessary to the appeal pursuant to Rule 5A:8.  As a result, we cannot reach the merits of her

assignments of error.  Consequently, we affirm the judgment.

BACKGROUND

Pinchbeck represented Oliver in legal proceedings involving an estate dispute in

Chesterfield County Circuit Court.  Oliver filed a motion to have $82,819.24 of her attorneys' fees

---

[*] This opinion is not designated for publication.  *See* Code § 17.1-413(A).

due to Pinchbeck paid by the estate. The circuit court ordered that the estate pay only $22,500 of Oliver's fees, but also found Pinchbeck's fees "to be reasonable in their totality."

Pinchbeck filed a subsequent complaint against Oliver for $65,472.47 in unpaid legal fees. Pinchbeck moved for summary judgment relying upon the circuit court's prior order determining her fees to be reasonable. After both parties briefed the issues and presented oral argument at a November 2, 2022 hearing, the circuit court granted summary judgment based upon the prior order and awarded Pinchbeck the full amount sought in her complaint. This appeal followed.

ANALYSIS

"We review the trial court's grant of summary judgment de novo." *VACORP v. Young*, 298 Va. 490, 494 (2020). For a moving party to be entitled to summary judgment, it must be "demonstrate[d] that no 'material' facts are 'genuinely in dispute.'" *AlBritton v. Commonwealth*, 299 Va. 392, 403 (2021). "It follows that immaterial facts genuinely in dispute or material facts not genuinely in dispute do not preclude the entry of summary judgment." *Id.*

Oliver argues on appeal that the circuit court erred in finding no material facts genuinely in dispute based on the prior order and also by placing an improper burden on Oliver in granting summary judgment. To conduct a de novo review of summary judgment, this Court must review both the written pleadings and the positions asserted at oral argument.

"[T]he burden is on the appellant to present to us a sufficient record from which we can determine whether the lower court has erred in the respect complained of." *Smith v. Commonwealth*, 16 Va. App. 630, 635 (1993) (quoting *Justis v. Young*, 202 Va. 631, 632 (1961)). "When the appellant fails to ensure that the record contains transcripts or a written statement of facts necessary to permit resolution of appellate issues, any assignments of error affected by such omission will not be considered." Rule 5A:8(b)(4)(ii).

The circuit court heard argument on summary judgment on November 2, 2022. Oliver did not provide a transcript or a written statement of facts regarding what specific arguments the parties presented to the circuit court and what legal authority supported their positions. In rendering judgment, the circuit court relied upon not only the pleadings and briefs, but also the arguments and evidence presented at that hearing.

With no transcript or written statement of facts pertaining to the November 2, 2022 hearing, we cannot evaluate the circuit court's judgment or determine whether the circuit court erred in the manner that Oliver asserts. Nor can we determine the arguments that Oliver preserved for appellate review. A transcript or written statement of facts pertaining to the November 2, 2022 hearing is thus "indispensable to the determination of the case." *Bay v. Commonwealth*, 60 Va. App. 520, 528 (2012) (quoting *Turner v. Commonwealth*, 2 Va. App. 96, 99 (1986)). Therefore, we cannot address the merits of Oliver's assignments of error. Rule 5A:8(b)(4)(ii).

## CONCLUSION

For the foregoing reasons, we affirm the judgment of the circuit court.

*Affirmed.*