COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present: Judges Beales, Fulton and Lorish

REGINALD WORD

                                                  MEMORANDUM OPINION* BY

v.       Record No. 0670-22-1                JUDGE RANDOLPH A. BEALES
                                                  DECEMBER 17, 2024

STANLEY BARRAL HAYSBERT

FROM THE CIRCUIT COURT OF THE CITY OF HAMPTON
Bonnie L. Jones, Judge

(Reginald Word, on briefs), *pro se*. Appellant submitting on briefs.

No brief for appellee.

Following a hearing, the Circuit Court of the City of Hampton granted the summary

judgment motion of Stanley Barral Haysbert, who was the plaintiff below. Reginald Word, the

defendant below, appeals to this Court contending that material facts were genuinely in dispute

between the parties and, therefore, the circuit court erred by granting summary judgment in

Haysbert's favor. Word also argues that the "circuit court erred by considering exhibited parole

[sic] evidence despite the loan note's integration clause." We address Word's appeal without

hearing oral argument because Word waived oral argument in this case and because the appellee,

Haysbert, filed no brief with this Court.

## I. BACKGROUND

"In an appeal from a circuit court's decision to grant or deny summary judgment, we

review the application of the law to undisputed facts de novo." *Stahl v. Stitt*, 301 Va. 1, 8

(2022). "Under well-settled principles, we review the record applying the same standard a trial

---

* This opinion is not designated for publication. *See* Code § 17.1-413(A).

court must adopt in reviewing a motion for summary judgment, accepting as true those inferences from the facts that are most favorable to the nonmoving party, unless the inferences are forced, strained, or contrary to reason." *Id.* (quoting *Fultz v. Delhaize Am., Inc.*, 278 Va. 84, 88 (2009)).

## A. The Circuit Court Proceedings

On October 19, 2021, Stanley Barral Haysbert filed a complaint in the circuit court against Reginald Word in Word's individual capacity. The complaint alleged that on November 19, 2017, Haysbert and Word entered into a contractual agreement. Under the agreement, Haysbert would lend $15,000 to Word; then, over one month later (on or before December 23, 2017), Word would pay Haysbert $33,000. In addition, the contract applied an "interest rate of 15% per month" to the principal of the loan "for late payments." Attached as Exhibit A to the complaint was a four-page document titled, "PROMISSORY NOTE" (the "promissory note").

The complaint also alleged that the loan was made "as an investment in Starpoint Global Investments Limited [("Starpoint")], a company engaged in mining operations in several African countries in which Mr. Word was a shareholder." Haysbert stated in his complaint that Word "has made no payments whatsoever to Plaintiff [Haysbert] in partial or full satisfaction of Defendant's obligations under the Agreement." Consequently, Haysbert alleged, "As of September 1, 2021, Defendant owes Plaintiff the sum of $255,750.00 under the terms of the Agreement."

In response, Word filed an answer and a motion for summary judgment with the circuit court, with both documents dated November 8, 2021. In his answer, Word admitted many of the allegations listed in the complaint, including that he agreed to the loan and that he did not make any payments to Haysbert on the promissory note. However, Word expressly denied that the purpose of the loan was an investment in his business, Starpoint. Word stated that the promissory note did not mention Starpoint at all, and Word emphasized that the promissory note actually listed Word as "An

Individual" – not as an agent or representative of Starpoint. Furthermore, Word's answer alleged that the interest amount alleged in the complaint "is usury and illegal."

In his motion for summary judgment, Word alleged that the promissory note's terms for a repayment of $33,000 based on a loaned amount of $15,000 represented "an annual interest rate of 958%." In addition, Word argued that the late payment penalty of 15% per month equaled an annual interest rate of 180%. Word contended that these rates were unlawful because under Code § 6.2-303, "[t]he maximum interest rate under Virginia law is 12%" per year. However, Word did not argue that the promissory note was completely void.

Word stated that under the terms of the promissory note, the interest rate for late fees "shall be reduced automatically to the maximum rate of interest permitted to be charged under applicable law" if the 15% rate was unlawfully high. Word further stated that the parties did not dispute that Word agreed to the promissory note and that Word actually did receive $15,000. Therefore, he concluded that he owed Haysbert $22,200 – the $15,000 principal plus $7,200 in interest for four years of nonpayment at the rate of 12% interest per year. Consequently, Word asked the circuit court to enter a judgment in favor of Haysbert for $22,200.

On February 25, 2022, Word filed his "Affidavit in Support of Motion." In that motion, Word explained, "In November 2017, I was stuck in Uganda, Africa and my money had run out." Word stated that he asked for the loan "because I needed food, lodging and a return ticket home [Washington, D.C.]." Word acknowledged that he is "the primary investor and executive officer of Starpoint," and he stated that "after being asked by Plaintiff why I was in Africa, I proudly emailed him some of the Starpoint documents." However, Word clarified, "We never discussed his [Haysbert's] investments in Starpoint." Word stated that he never offered to sell Haysbert an interest in Starpoint, never made any loan agreement in his capacity as a Starpoint officer, never collateralized the loan with his interest in Starpoint, and never stated that he would use the loan

- 3 -

proceeds for any Starpoint purposes. Word reiterated that the "loan agreement was for my personal expenses to assist me while I was stranded in Uganda," that "Starpoint is nowhere mentioned in this contract," and that there "is no business or investment mentioned in this contract."

On March 30, 2022, Haysbert filed "Plaintiff's Motion for Summary Judgment." Haysbert's motion argued that Word admitted that he agreed to a loan of $15,000, that the agreement set a late payment penalty rate of 15%, and that Word "only contests the purpose of the loan agreement, stating it was for 'personal expenses', and thereby contends that the interest rate was usurious under Virginia Law." Haysbert argued, however, that "the statutory interest rate does not apply to the subject loan agreement." According to Haysbert, a loan can be set at an interest rate in excess of 12% per year if that loan is made for business or investment purposes. *See* Code § 6.2-317(B).[1] Under Code § 6.2-317(A), "A loan shall be deemed to be for business or investment purposes if it is not for personal, family, or household purposes."

Haysbert argued that Word "presents no evidence" that the loan was for personal expenses. Contrary to Word's position, Haysbert argued that "the contract was formulated for the business purpose of providing a short-term emergency investment into Starpoint." Haysbert attached a number of documents to his motion, including a declaration from Haysbert's attorney who drafted the promissory note (Nazareth M. Haysbert), an email from Word's business partner (Terrance A. Bradford), several emails from Word, multiple pictures of mining operations, and copies of Starpoint's certificates of incorporation and articles of incorporation from several countries (such as

---

[1] Code § 6.2-317(B) provides:

> No person shall, by way of defense or otherwise, avail himself of the provisions of this chapter, or any other statutory or case law relating to usury or compounding of interest, to avoid or defeat the payment of interest, or any other sum, in connection with a loan made to a person for business or investment purposes, if the initial amount of the loan is $5,000 or more.

Uganda, Sierra Leone, and Liberia).  In his motion for summary judgment, Haysbert argued that his attachments show that the $15,000 loan "was for investment in a business opportunity contemplated by Defendant, and for which Defendant was required to provide authenticating documents, corporate formation records, and pictures verifying his business activities, and not for any other purpose."  "Thus," Haysbert concluded, the loan was "not subject to the limitation on interest rates and consequently [was] not subject to Virginia's prohibitions against usury."

On August 8, 2022, the circuit court judge signed and entered an order on the parties' cross motions for summary judgment.  That order stated, "[T]he court hereby grants final judgment in favor of Plaintiff Stanley Barral Haysbert and against Defendant Reginald Word, that Plaintiff Stanley Barral Haysbert is awarded final judgment against Defendant Reginald Word in the amount of $285,450, with interest at ten (10%) percent per annum, beginning from April 1, 2022, until paid in full."

### B.  The Circuit Court's Statement of Facts in Lieu of a Transcript

After filing his notice of appeal in this case, Word noticed and submitted a written statement of facts in lieu of a transcript for the circuit court judge to sign.  The circuit court responded with a letter stating, "The Court does not agree with your Written Statement in Lieu of a Transcript and therefore will not endorse it."

On October 10, 2023, this Court entered an order directing the circuit court to take action on Word's proposed statement of facts in lieu of a transcript as required under Rule 5A:8(c).  This Court found that Word established *prima facie* compliance with Rule 5A:8(c) and that at that point, "the trial judge must sign the statement, correct the statement and sign the corrected statement, or, in cases where the judge cannot in good faith recall or accurately reconstruct the relevant proceedings, order a new trial."  *Reginald Word v. Stanley Barral Haysbert*, No. 0670-22-1 (Va. Ct. App. Oct.

10, 2023) (order) (quoting *Proctor v. Town of Colonial Beach*, 15 Va. App. 608, 611 (1993) (*en banc*)).

On January 8, 2024, this Court received from the circuit court a succinct corrected statement of facts in lieu of a transcript of one and one-half pages. According to the statement of facts, on March 31, 2022, the circuit court held a hearing by telephone on Word's and Haysbert's motions for summary judgment. The statement of facts also noted, "Mr. Word argued that the loan was for personal expenses and that should have been included in the Promissory Note and that his business should have been sued." According to the statement, "I [the circuit court judge] told Mr. Word that he signed the note without those stipulations." The statement of facts concluded by explaining, "Based on Defendant's admissions, I granted judgment for Plaintiff and denied Defendant's motion."

## II. ANALYSIS

The Supreme Court has "repeatedly held that summary judgment is a drastic remedy, available only when there are no material facts genuinely in dispute." *Fultz*, 278 Va. at 88 (citing *Stockbridge v. Gemini Air Cargo, Inc.*, 269 Va. 609, 618 (2005)); Rule 3:20. "A grant of summary judgment must be based upon undisputed facts established by pleadings, admissions in pleadings, and admissions made in answers to requests for admissions." *Corriveau v. State Farm Mut. Auto. Ins. Co.*, 298 Va. 273, 278 (2019) (quoting *Andrews v. Ring*, 266 Va. 311, 318 (2003)). In addition, "[t]he circuit court 'must consider inferences from the facts in the light most favorable to the non-moving party.'" *Id.* (quoting *Andrews*, 266 Va. at 318). We review the circuit court's grant of summary judgment *de novo*. *VACORP v. Young*, 298 Va. 490, 494 (2020).

On appeal to this Court, Word contends, "The circuit court erred in granting summary judgment despite contested material fact." Word argues that the circuit court should not have entered summary judgment because he and Haysbert genuinely disputed whether the $15,000 loan

was for personal purposes or for business or investment purposes. Specifically, Word argues that the "dueling contentions between Word and Hay[s]bert regarding Haysbert's claim must be determined as fact at trial and cannot be decided on summary judgment."

Both before the circuit court and on appeal to this Court, Word invokes a usury defense under Code § 6.2-303. The Supreme Court has stated that usury can be shown by "evidence of a contract expressly providing for a greater rate of interest than the law allows." *Radford v. Cmty. Mortg. & Inv. Corp.*, 226 Va. 596, 602 (1984). By statute, the maximum rate of interest Virginia law allows is 12% per year. Code § 6.2-303(A) ("Except as otherwise permitted by law, no contract shall be made for the payment of interest on a loan at a rate that exceeds 12 percent per year."). Here, the text of the promissory note itself, as well as both Haysbert's and Word's motions for summary judgment, state that the loan at issue contained an interest rate of **15% per month**. Consequently, by his pleadings, Word presented a *prima facie* defense based on usury against Haysbert's summary judgment motion. *Radford*, 226 Va. at 601-02; *Chakales v. Djiovanides*, 161 Va. 48, 91 (1933).

In his motion for summary judgment, Haysbert argued that a usury defense under Code § 6.2-303 was not available to Word in this case. Haysbert contended that under Code § 6.2-317(B), the defense of usury cannot be raised "when the initial loan is over $5,000 and is for business or investment purposes." Here, Haysbert argued that the $15,000 loan "was for investment in a business opportunity contemplated by Defendant [Word]."

Haysbert's argument relies on his factual claim that the $15,000 loan was for business or investment purposes. This fact was expressly and consistently denied by Word in both his pleadings and his argument to the circuit court. In addition, Word emphasized that the promissory note makes no mention of Word's business at all. Furthermore, Word pointed out that the loan referred to him as "REGINALD WORD, an Individual," which he argued indicated

he was acting in a purely personal capacity unrelated to his business activities. Under these circumstances, we simply cannot say whether the $15,000 loan was made for business purposes or for personal purposes. Instead, based on the record before us, the question is genuinely in dispute. Furthermore, this disputed question of fact was material to whether Word could maintain a usury defense under Code § 6.2-303.

Word also argues on appeal that the circuit court erred when it essentially held that, for a promissory note to be subject to Virginia's usury law, the promissory note must specify that it is for personal non-business expenses. In its corrected statement of facts in lieu of a transcript, the circuit court stated that "Word argued that the loan was for personal expenses and that should have been included in the Promissory Note." The circuit court also stated that Word "acknowledged the terms of the promissory note," and the circuit court further stated that it "told Mr. Word that he signed the [promissory] note without those stipulations." The circuit court concluded by stating, "Based on Defendant's admissions, I granted judgment for Plaintiff [Haysbert] and denied Defendant's [Word's] motion."

At that stage in the litigation, however, Word did not bear the burden to show that the loan was for personal purposes. The question of whether the loan was for business or personal purposes applied to an *exception* to usury under Code § 6.2-317(B). After a litigant makes a *prima facie* case of usury, "the burden shifts to the opposing party to go forward with evidence which would bring the transaction within an exception to the usury laws, or to show some other valid reason to avoid their application." *Radford*, 226 Va. at 602 (citing *Brockway v. U.S. Fin. Co.*, 266 So. 2d 756 (1972)). Because Haysbert attempted to invoke an exception to usury protections under Code § 6.2-317(B), the burden was on Haysbert to show that the exception applied. In this case, proving that exception applied required Haysbert to show that the loan was "for business or investment purposes." Code § 6.2-317(B).

To succeed at the summary judgment stage, Haysbert had to rely on either Word's admissions or on facts that were not actually in dispute to make his showing under Code § 6.2-317(B). In addition, because Word was the non-moving party for Haysbert's motion for summary judgment, the circuit court was required to consider inferences from the facts in the light most favorable to Word. *Corriveau*, 298 Va. at 278 (quoting *Andrews*, 266 Va. at 318). Consequently, the simple admission that the loan document itself did not specify that the loan was for personal purposes is insufficient to meet Haysbert's burden to show there was no dispute over the purpose of the loan. Word did not bear the burden to prove that the loan was for personal purposes, and the circuit court was required both to view the evidence and to take inferences from the evidence in the light most favorable to Word.

The Supreme Court has "repeatedly held that summary judgment is a drastic remedy, available only where there are no material facts genuinely in dispute. It [summary judgment] should not be used to short-circuit litigation by deciding disputed facts without permitting the parties to reach a trial on the merits." *Stockbridge*, 269 Va. at 618 (citations omitted). "A grant of summary judgment must be based upon *undisputed* facts." *Corriveau*, 298 Va. at 278 (emphasis added) (quoting *Andrews*, 266 Va. at 318). For all of these reasons, we hold that the circuit court erred by granting summary judgment in this case where the parties still genuinely disputed whether the loan was made for business or personal purposes – and, therefore, whether Word could invoke usury protections. Resolving this case on the grounds raised by Haysbert required a full hearing or trial on the merits.[2] *See Stockbridge*, 269 Va. at 618.

---

[2] In his appeal, Word also argues that the circuit court erred by considering parol evidence despite the promissory note's integration clause, which provides, "There are no verbal or other agreements which modify or affect the terms of this Note." Word contends that in ruling on Haysbert's summary judgment motion, the circuit court should not have considered Starpoint documents provided by Haysbert, and Word cites *Blackledge v. Allison*, 431 U.S. 63 (1977), and *Worsham v. Worsham*, 74 Va. App. 151 (2022), to support his argument. Given the circumstances, we do not reach the parol evidence question raised by Word. The circuit court simply cut off the

III.  CONCLUSION

In short, the circuit court ended this case too early "by deciding disputed facts without permitting the parties to reach a trial on the merits." *Id.*  The Supreme Court has "repeatedly held that summary judgment is a drastic remedy, available only when there are no material facts genuinely in dispute." *Fultz*, 278 Va. at 88; Rule 3:20.  Consequently, the circuit court was incorrect to grant summary judgment in this case where the parties were still genuinely disputing material facts.

For all of the foregoing reasons, we reverse the judgment of the circuit court, and we remand the case for a hearing on the merits and for further proceedings consistent with this opinion.

*Reversed and remanded.*

---

proceedings in this case too early – and granted summary judgment when material facts were genuinely still in dispute that could have been resolved by a trial on the merits.