COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:    Judges Beales, Fulton and Friedman
Argued at Norfolk, Virginia


NATALIE DENNIS
                                                    MEMORANDUM OPINION* BY
v.        Record No. 0854-23-1                      JUDGE FRANK K. FRIEDMAN
                                                         JULY 1, 2025
JOHN F. HAUGH


FROM THE CIRCUIT COURT OF THE CITY OF HAMPTON
William H. Shaw, III, Judge Designate

Kevin W. Weldon (Weldon Law PLLC, on brief), for appellant.

John F. Haugh, *pro se*.


Natalie Dennis appeals the circuit court's order of summary judgment in favor of John F.

Haugh on his claim for breach of contract. Dennis asserts that the circuit court erred by entering

summary judgment because the parties disputed, among other things, whether their contract

included certain resale disclosures required by the Virginia Condominium Act (the VCA) and

whether the agreement was unconscionable or entered under duress. Finding that there were

genuine disputes of material fact precluding summary judgment, we reverse and remand the case

for further proceedings.

## BACKGROUND

"[W]e review the record applying the same standard a trial court must adopt in reviewing a

motion for summary judgment, accepting as true those inferences from the facts that are most

favorable to the nonmoving party, unless the inferences are forced, strained, or contrary to reason."

*Fultz v. Delhaize Am., Inc.*, 278 Va. 84, 88 (2009).

---

* This opinion is not designated for publication. *See* Code § 17.1-413(A).

On July 16, 2018, Dennis agreed to purchase Haugh's condominium unit for $150,000. Their contract required Dennis to deposit $1,000 with her attorney, which would be returned to her if the contract terminated.[1] The contract stated that it would terminate if Dennis failed to obtain financing to purchase the condominium unit within 45 days unless Haugh granted her an extension. Haugh granted Dennis an extension until September 14, 2018.

On September 13, 2018, Dennis deposited an additional $10,000 with her attorney as a "sign of good faith." The next day, the parties amended their contract (the Amendment). The Amendment provided that "[t]he failure of [Dennis] to close on the purchase of the [condominium unit], for any reason, on or before October 15, 2018, shall result in the termination of the [contract] and the forfeiture of the ELEVEN THOUSAND DOLLARS ($11,000.00) to [Haugh]." Paragraph 2 of the Amendment also stated: "Except as otherwise expressly provided in this Agreement, all of the terms and conditions of the Contract remain unchanged and in full force and effect." Dennis failed to close on the purchase of the condominium unit and demanded that her attorney return her deposit.

Haugh subsequently sued Dennis in the general district court seeking the $11,000 deposit, plus interest. In her grounds of defense, Dennis asserted that the Amendment was unconscionable and invalid. After the general district court entered judgment in Haugh's favor, Dennis appealed to the circuit court.

Haugh moved the circuit court to enter summary judgment based on the terms of the Amendment. Dennis responded that summary judgment was improper because two material facts were disputed. First, she claimed that the parties disputed whether the contract, as amended, complied with the resale disclosure requirements of the VCA and if so, whether she was entitled to the return of her deposit.

---

[1] As discussed below, only part of the contract is included in the record.

Second, Dennis asserted that the parties genuinely disputed facts relating to Dennis's claim that the Amendment was unconscionable. Dennis argued that the Amendment was unconscionable because it changed material terms in the original contract and she was not given an opportunity to consult her attorney before signing it. Timing issues in this case were complicated by a hurricane. Dennis proffered that she "was leaving town" when she received the draft Amendment from Haugh and that her attorney had closed his office at that time due to a hurricane evacuation order. The Amendment was sent just before the original contract was scheduled to expire—and Dennis contends her choice was to agree to the Amendment without legal representation or to let the original closing date pass without executing an extension.

The circuit court heard the motion for summary judgment. The circuit court found that there were no material facts genuinely in dispute and granted Haugh summary judgment. Dennis appeals.

ANALYSIS

"[S]ummary judgment shall not be entered unless no material fact is genuinely in dispute . . . and the moving party is entitled to such judgment as a matter of law." *Oreze Healthcare LLC v. E. Shore Cmty. Servs. Bd.*, 302 Va. 225, 230 (2023) (first alteration in original) (quoting *La Bella Dona Skin Care, Inc. v. Belle Femme Enters., LLC*, 294 Va. 243, 253 (2017)). "Therefore, when an appeal . . . arises from a 'decision awarding summary judgment, the trial court's determination that no genuinely disputed material facts exist and its application of law to the facts present issues of law subject to de novo review.'" *Id.* (quoting *La Bella Dona*, 294 Va. at 253). "A grant of summary judgment must be based upon undisputed facts established by pleadings, admissions in pleadings, and admissions made in answers to requests for admissions." *Corriveau v. State Farm Mut. Auto. Ins. Co.*, 298 Va. 273, 278 (2019) (quoting *Andrews v. Ring*, 266 Va. 311, 318 (2003)). "A factual issue is genuinely in dispute when reasonable factfinders could 'draw different conclusions from the evidence.'" *AlBritton v. Commonwealth*, 299 Va. 392, 403 (2021) (quoting *Fultz*, 278 Va. at 88).

The parties agree that the VCA governs their contract and the Amendment. Code § 55-79.97(A),[2] as in effect when the parties entered their original contract and the Amendment, required some condominium unit owners to include certain disclosures in a contract for the resale of their unit.[3] If the contract did not include the resale disclosures, then the purchaser's "sole remedy [was] to cancel the contract prior to settlement" by delivering a notice of cancellation to the unit owner by hand delivery, United States mail, electronic means, or overnight delivery. Code § 55-79.97(B)-(C). "Such cancellation shall be without penalty, and the unit owner shall cause any deposit to be returned promptly to the purchaser." Code § 55-79.97(C).

Dennis claims that the amended contract "is not valid or enforceable" because it did not include the resale disclosures the VCA required. She contends that the circuit court erred by entering summary judgment because she disputed the "substance of" the amended contract and her "right to rescind the [Amendment] as provided by the [VCA]." We agree.

The parties dispute whether the amended contract included the resale disclosures.[4] Yet neither party filed a complete copy of the amended contract in the circuit court, and the portion that

---

[2] The parties contend that the applicable statute is Code § 55.1-1990. But Code § 55.1-1990 did not become effective until October 1, 2019, after the parties executed their original contract and the Amendment. 2019 Va. Acts ch. 712. Code § 55-79.97, the predecessor of Code § 55.1-1990, was in effect when the parties executed their contracts. 2018 Va. Acts ch. 70. Regardless, both statutes provide that, if a contract for the resale of a condominium unit does not include certain disclosures, then "the purchaser's sole remedy is to cancel the contract prior to settlement."

[3] Code § 55-79.97(A) did not apply to condominium units resold by a declarant or in accordance with Code §§ 55-79.87(A), -79.97(F). The record does not reflect that Haugh's condominium unit was exempt from the resale disclosure requirement. Indeed, Haugh contends that the original contract included the required disclosures.

[4] Haugh claims that the circuit court failed to transmit the third, "critical page" of the original contract to this Court, which contained the resale disclosures. The original contract purportedly was attached to Haugh's bill of particulars and motion for summary judgment. This Court issued a writ of certiorari to the clerk of the circuit court requesting copies of the original contract as attached to those pleadings. The clerk responded that "exact copies" of the original pleadings were transmitted to this Court, neither of which included the complete original contract.

is in the record does not include the resale disclosures.[5] Without a complete copy of the amended contract or an admission as to its contents, the circuit court could not have determined whether the amended contract included the required resale disclosures. Thus, the record demonstrates that the parties genuinely disputed that issue of fact. *AlBritton*, 299 Va. at 403.

Given the dispute over whether the amended contract included the resale disclosures, we must determine whether that issue is material to Haugh's motion for summary judgment. "The materiality of a fact depends upon whether it is 'a matter that is properly at issue in the case.'" *Id.* (quoting *Commonwealth v. Proffitt*, 292 Va. 626, 635 (2016)).

The issue in this case is whether Haugh is entitled to Dennis's $11,000 deposit under the terms of the agreement. Dennis contends that she had the right to rescind the amended contract under the VCA because it did not include the required disclosures. If Dennis had the right to rescind, she could act on this right to recover her deposit without penalty upon providing a proper notice of cancellation. Haugh contends that Dennis did not cancel the contract and that they "never even reached settlement due to [her] failure to close." The record reflects that Dennis did demand the return of her deposit—but Haugh contends that she did not properly seek cancellation in accordance with the agreement. The record does not detail how Dennis demanded the return of her deposit. Whether her demand complied with the requirements of Code § 55-79.97(B)-(C) presents another disputed question.

For the foregoing reasons, whether Dennis had the right to cancel the amended contract under the VCA based on the absence of the resale disclosures is a genuinely disputed material fact

---

[5] There was no transcript of the proceedings below. A statement of facts in lieu of transcript was filed by appellant. The appellee did not sign the written statement, although he confirmed at oral argument that he received it and did not object to it. The record does not contain a notice of hearing under Rule 5A:8 with regard to the statement's contents. However, the judge signed the written statement. *See* Rule 5A:8. In any event, the absence of the full contract (and the missing page or pages of alleged disclaimers) is clear on the face of the record.

precluding summary judgment on the current record. *Oreze Healthcare LLC*, 302 Va. at 230.

Therefore, we reverse the circuit court's judgment and remand this case for further proceedings.[6]

CONCLUSION

For the foregoing reasons, the circuit court's judgment is reversed, and we remand the case to the circuit court for proceedings consistent with this opinion.

*Reversed and remanded.*

---

[6] Given our holding, we need not specifically address Dennis's argument that the circuit court also erred by entering summary judgment because the parties genuinely disputed facts relating to the conscionability of the contract. While Haugh makes persuasive arguments about duress and unconscionability, we do not have the full contract before us. Suffice it to say, the missing portions of the original contract could impact analysis of the appropriateness or unconscionability of the full agreement. We must know what the agreement says before deciding if it is unconscionable. Thus, disputed questions of fact remain.